HARDY, Judge.
This is a suit for injunctive relief which would restrain the defendant from obstructing or preventing plaintiff’s right of ingress and egress to a certain described tract of land. From a judgment in favor of plaintiff the defendant has appealed.
The plaintiff, Harwood Oil & Mining Company, a Colorado corporation authorized to do business in the State of Louisiana, alleged that it was the owner of an oil, gas and mineral lease in and upon the stream bed of Castor Bayou in the Northwest Quarter of Northeast Quarter of Section 26, Township 10 North, Range 1 East, in LaSalle and Winn Parishes, Louisiana; that the defendant, Alfred S. Black, individually, and as trustee, is the owner of a mineral lease on the Northwest Quarter of Northeast Quarter of Section 26, Township 10 North, Range 1 East, lying, east of Castor Bayou, Lot 2, Section 26, Township 10 North, Range 1 East, LaSalle Parish, Louisiana, and is operating oil wells as mineral lessee on the said property; that the portion of the stream bed of Castor Bayou under mineral lease to plaintiff is adjacent and contiguous to the mineral lease of the defendant, Black, on the property above described; that plaintiff is the owner of a surface lease on the same described property upon which defendant holds a mineral lease, which surface lease, granted by the Tensas Basin Levee Board, specifically authorizes plaintiff to locate equipment on the property for the purpose of directional drilling into the bed of Castor Bayou; that the defendant has built roads on the leased property of the-Tensas Basin Levee Board, one of which roads leads from adjacent property to a road located upon the bank of Castor Bayou; that defendant has erected and located a gate on the road at the point where it enters upon the property of the Tensas Basin Levee Board, has ordered his employees to deny the use of the roads to plaintiff, and has further ordered the fencing of the entire property, as above described, for the purpose of preventing plaintiff’s free access to and use of the road along Castor Bayou; that the road along Castor Bayou is a public road under the provisions of LSA-R.S. 48:491.
Upon the basis of these principal allegations plaintiff prayed for a restraining order, which was granted, and, finally, for a permanent injunction prohibiting defendant from interfering with the plaintiff’s use of the roads described.
Defendant being a non-resident, the court appointed a curator ad hoc, who filed an exception of no cause and no right of action and an answer to plaintiff’s petition. The exception was overruled and, as the result of a preliminary conference, a stipulation of facts was filed by counsel fox plaintiff and counsel acting as curator for defendant. The material facts stipulated *82 were: Plaintiff’s ownership of a mineral lease upon the bed of Castor Bayou, as described, defendant not admitting, however, either the validity of the said lease or the drilling and completion of wells by plaintiff; the making of surface locations on the property covered by defendant’s mineral lease for the purported purpose of directional drilling; the construction, at defendant’s expense, of the roads, substantially as set forth by the allegations of, and shown by the plat attached to, plaintiff’s petition; the use of said roads by plaintiff without the consent of the defendant and without payment for the construction or use thereof, and, finally, the actions of defendant, prior to the issuance of the temporary restraining order, designed to prevent plaintiff’s access to and use of the said roads.
It is material to a consideration of this appeal to note the following minute entry:
“In this case in pre-trial conference it was ruled by the court that this proceeding would be limited to right of passage of plaintiff over the privately constructed road of defendant, as substantially shown on plat annexed to plaintiff’s petition. In view of this ruling counsel for both plaintiff and defendant presented the following stipulation as to pertinent facts of this issue : (see stipulation filed herewith) Stipulation filed by agreement.”
Before this court defendant is represented by counsel who did not participate in trial of the case, and in brief they insist that the trial judge erred, first, in overruling the exception of no cause or no right of action, and, second, in ruling, on the merits, that plaintiff was entitled to a right of passage over the property upon which defendant holds a mineral lease.
While the record as made up in this case is most unsatisfactory, we have concluded that it is possible to reach a conclusion which will do justice in the case and obviate the necessity of a remand.
In support of defendant’s exception counsel urges:
“ * * * plaintiff, as a surface lessee, cannot bring an action to enjoin another lessee from disturbing plaintiff’s possession of the premises. The effect of the injunction is to make the action similar to a possessory action and to give plaintiff quiet possession of the roads belonging to the defendants and of the premises which the plaintiff has under lease.”
We think counsel is completely in error and that there is no possible basis for the above contention. The allegations of plaintiff’s petition and the prayer thereof clearly indicate that it seeks primarily the right of ingress and egress, to its enclosed estate, which consists of a mineral lease upon the bed of Castor Bayou. Counsel’s effort to treat this suit as a possessory action must be unavailing, particularly in view of the trial court’s ruling that the issue would be confined to a consideration of the right of passage. In our opinion this determination was obviously proper and correct.
The allegations of plaintiff’s petition, the averments of defendant’s answer, and the arguments of counsel with reference to the validity, vel non, of plaintiff’s alleged surface lease, must be treated as surplusage. The points which are involved in such a contention would necessarily have to be placed at issue in a different character of action to which both parties’ lessors would be necessary parties.
As to the merits we think the conclusion must be controlled by Article 699 of the LSA-Civil Code, which reads as follows:
“Enclosed estate, right of passage to public road or waterway
“Art. 699. The owner whose estate is enclosed, and who has no way to a public road, a railroad, a tramroad or a water course may claim the r-ight *83 of passage on the estate of his neighbor or neighbors to the nearest public road, railroad, tramroad or water course and shall have the right to construct a road, railroad, or tramway according to circumstances and as the exigencies of the case may acquire (require), over the land of his neighbor or neighbors for the purpose of getting the products of his said enclosed land to such public road, railroad, tramroad or water course, or for the cultivation of his estate, but 'he shall be bound to indemnify his neighbor or neighbors in proportion to the damage he may occasion.” (Emphasis supplied.)
It is obvious that any number of defenses might have been interposed to this character of action, but defendant’s answer does not disclose the averments which would support such defenses. It is further noted that the stipulation sets up no facts which would justify the refusal of plaintiff’s right to use the existing roads, even though they were constructed at defendant’s expense. The codal article above noted obligates the indemnification of defendant in proportion to the damage which may be occasioned and, by the stipulation, counsel for parties litigant agreed upon the amount of plaintiff’s bond in accordance with the judgment of the court.
The only relief to which we think defendant might be reasonably entitled is the specific protection of his right to assert any claims for damages arising from plaintiff’s use of the roads.
For the reasons assigned the judgment appealed from is amended to the extent of reserving defendant’s right to claim, by appropriate action against plaintiff, reimbursement for such damages as may result from plaintiff’s use of the roads heretofore constructed at defendant’s expense.
As amended the judgment is affirmed at appellant’s cost.