VIOSCA, Justice.
 

 We granted certiorari to review a judgment of the Court of Appeal for the Second Circuit (113 So.2d 80) holding that a mineral lessee is the owner of an estate within the meaning of Article 699 of the LSA-Civil Code which provides that the owner whose estate is enclosed may claim the right of passage on the estate of his neighbor to the nearest public road, railroad, tramroad or water course—a ruling which is contrary to the rationale of our decisions in Reagan v. Murphy, 235 La. 529, 105 So. 2d 210; Arnold v. Sun Oil Company, 218 La. 50, 48 So.2d 369, and the cases cited in those opinions.
 

 Plaintiff, Harwood Oil & Mining Company, a Colorado corporation doing business in Louisiana, alleges that it is the owner of an oil, gas and mineral lease covering and affecting the stream bed of Cas
 
 *646
 
 tor Bayou in the Northwest Quarter of Northeast Quarter (NWJ4 of NE14), Section Twenty-six (26), Township Ten (10) North, Range One (1) East, LaSalle and Winn Parishes, Louisiana; that Castor Bayou is a navigable stream which was navigable in 1812 and its bed is owned by the State of Louisiana; that the defendant Alfred S. Black, individually and as trustee is the owner of a mineral lease from the Tensas Basin Levee Board covering the property adjacent and contiguous to Castor Bayou; and that plaintiff is the holder and owner of a surface lease on the same property executed by the Tensas Basin Levee Board which lease grants to plaintiff the right to locate equipment on said property for the purpose of directional drilling into the bed of Castor Bayou. The surface lease which is annexed to the petition and made part thereof specifically provides that
 
 “ * *
 
 * this lease is in no manner or form to be construed as an oil, gas and mineral lease or to confer any rights granted a Lessee under an oil, gas and mineral lease the sole purpose being to allow Lessee to locate the wells on Lessor’s lands because of the impossibility or impracticability of locating the said well sites on the banks or bed of Castor Creek”.
 

 Plaintiff further alleges that it commenced directional drilling operations on the property leased by it from the Tensas Basin Levee Board; that defendant has obstructed plaintiff’s free right of passage and of way to and from its drilling locations on the banks of Castor Bayou by erecting a gate and locking same, thus preventing plaintiff from using a road across the above described property as well as a road along the East bank of Castor Bayou, both of which roads are marked on a map annexed to and made part of the petition; that the road along Castor Bayou was built by the defendant and fronts on Castor Bayou and is a public road within the meaning of LSA-R.S. 48:491; that plaintiff is entitled to access to the banks of Castor Bayou and to the public' road thereon and that there is no other way of passage to this road other than through the road which traverses the property of the Tensas Basin Levee Board.
 

 Plaintiff prays that defendant be restrained and enjoined from obstructing and/or preventing plaintiff’s free right of ingress and egress and use of the roads in question.
 

 As the defendant is an absentee, a curator ad hoc was appointed to represent him, but he later made personal appearance through his own counsel in the Court of Appeal and this Court. The district court issued a temporary restraining order as prayed for.
 

 Defendant through the curator ad hoc filed an exception of no cause or right of action which was overruled by the court. For answer defendant denies that plaintiff
 
 *648
 
 is the owner of an oil, gas and mineral lease on the bed of Castor Bayou; admits that defendant is the owner of a mineral lease on the adjacent land; admits the execution of the surface lease to plaintiff but denies its validity; admits erecting a gate across the road traversing the land in question, alleging that the road is the private property' of the defendant constructed at his own expense and that plaintiff has no right whatever to use same; denies that Tensas Basin Levee Board is the sole owner of the land referred to and denies the navigability of Castor Bayou. Defendant further alleges that H. L. Hunt and the estate of Lyda Bunker Hunt are the owners of a one-half undivided interest in said tract of land and that defendant secured his mineral lease from all of the co-owners, whereas plaintiff received its surface lease from one of the co-owners only. Defendant prays that plaintiff’s demands be rejected and that the suit be dismissed.
 

 At a pre-trial conference the district court ruled that this “proceeding would be limited to right of passage of plaintiff over the privately constructed road of defendant, as substantially shown on plat annexed to plaintiff’s petition”. In view of this ruling counsel for both plaintiff and defendant entered into a stipulation as to the pertinent facts of this issue. It is stipulated that plaintiff owns an oil, gas and mineral lease covering that portion of the bed of Castor Bayou adjacent to Lot No. 2 of Section 26, Township 10 North, Range 1 East in LaSalle Parish, Louisiana, but the validity of the lease owned by plaintiff is not admitted; that defendant is the owner of an oil, gas and mineral lease covering Lot No. 2 of Section 26, Township 10 North, Range 1 East, LaSalle Parish, Louisiana, and has been operating oil wells thereon for several years; that plaintiff has made surface locations on land covered in the lease owned by the defendant for the purpose of the purported drilling and completion of oil wells in a directional manner under the bed of Castor Bayou; that defendant has constructed with his own funds a road traversing Lot 2 of Section 26, Township 10 North, Range 1 East, which intersects a road constructed by him along the bayou; that plaintiff has used the road without the consent of the defendant and has paid nothing for cost of construction or use of same, and that prior to the temporary restraining order issued herein the defendant erected a gate across the entrance thereof and prevented plaintiff from having access thereto. It is admitted that no material damage has ■ been suffered by plaintiff and no claim for damage will be made, the only question being one of right of passage. The stipulation is silent as to the navigability of ■ Castor Bayou.
 

 There was judgment in the district court . granting a permanent injunction prohibiting defendant from interfering with the ■ plaintiff’s use of the roads. On appeal the-
 
 *650
 
 Court of Appeal affirmed this judgment but amended it to the extent of reserving defendant’s right to claim, by appropriate action against plaintiff, reimbursement for such damages as may result from plaintiff’s use of the roads constructed at defendant’s expense.
 

 On application of defendant we granted a writ of certiorari.
 

 In this Court counsel for defendant strenuously urges that the exception of no right or cause of action should be maintained. For purposes of the exception all well pleaded facts in the petition must be taken as true. If the petition sets forth a right and a cause of action in any respect, the exception must be overruled. For reasons set forth hereafter in this opinion, we find that the petition does set forth a right of action in one respect and for that reason the district judge was correct in overruling the exception.
 

 On the merits we must consider the rights of plaintiff in three respects: (1) its right, if any, as a mineral lessee of the bed of Castor Bayou to claim a right of passage across the adjoining property; (2) its right, if any, as surface lessee of the adjacent property to litigate with the mineral lessee of the same property the right to use the mineral lessee’s roads to plaintiff’s well sites established for directional drilling; and, (3) its right, if any, as a member of the public to use as a public road the road constructed by defendant along the banks of Castor Bayou.
 

 The Court of Appeal in affirming the judgment of the district court bases its ruling squarely upon the provisions of Article 699 of the LSA-Civil Code. The Court of Appeal says [113 So.2d 82]:
 

 “As to the merits we think the conclusion must be controlled by Article 699 of the LSA-Civil Code, which reads as follows:
 

 “ ‘Enclosed estate, right of passage to public road or waterway
 

 “ ‘Art. 699. The owner whose estate is enclosed, and who has no way to a public road, a railroad, a tramroad or a water course may claim the right of passage on the estate of his neighbor or neighbors to the nearest public road, railroad, tramroad or water course and shall have the right to construct a road, railroad, or tramway according to circumstances and as the exigencies of the case may acquire (require), over the land of his neighbor or neighbors for the purpose of getting the products of his said enclosed land to such public road, railroad, tramroad or water course, or for the cultivation of his estate,
 
 but he shall be bound to indemnify his neighbor or neighbors in proportion to the damage he may
 
 occasion.’ (Emphasis supplied)”
 

 
 *652
 
 This ruling of the Court of Appeal that plaintiff as the mineral lessee of the bed of Castor Bayou is the
 
 owner of an estate,
 
 is contrary to the repeated holdings of this Court that the usual oil and gas lease “is a contract of letting and hiring within the meaning of the codal articles, and that the lessee in such a mineral lease obtains an obligatory or personal right only, and not a servitude on the realty or a real right in the land.” Arnold v. Sun Oil Company, [218 La. 50, 48 So.2d 401] supra. In reconsidering this question in the light of the passage of Act 6 of the Second Extra Session of 1950 incorporated in LSA-R.S. 9:1105, we said in Reagan v. Murphy, [235 La. 529, 105 So.2d 214] supra:
 

 “That a lease is not in essence a real right under the civil law is well settled. In In re Morgan R. & S. S. Co., 32 La.Ann. 371, it was said:
 

 ‘“The rights of use, enjoyment, and disposal are said to be the three elements of property in things. They constitute the jura in re. The right of a lessee is not a real right, i. e., a jus in re. In other words, the lessee does not hold one of the elements of property in the thing. His right is a jus ad rem, a right upon the thing * * *
 
 }
 

 “Accordingly, it is clear that the term ‘real right’ under the civil law is synonymous with proprietary interest, both of which refer to a species of ownership. Ownership defines the relation of man to things and may, therefore, be declared against the world. A personal right, on the other hand, defines man’s relationship to man and refers merely to an obligation one owes to another which may be declared only against the obligor.
 

 “Viewed in this light and applied to mineral leases, it is seen that to say that the Legislature intended to change the true essence of a mineral lease from a personal contract into a real right would necessarily require the conclusion that the mineral lessee
 
 owns
 
 the right to explore for the minerals. The correlative of this proposition is that a mineral lessor divests himself of all proprietary interest in the minerals and has only a personal right to enforce the terms of the lease. This, for the reason that the same thing may not be owned by two persons at the same time. Civil Code, Article 494.
 

 “It becomes obvious, then, that to uphold plaintiffs’ claims would serve only to confuse the fundamental law and, perhaps, place many contractual obligations and rights in a state of uncertainty. This we will not do.”
 

 The right of passage granted by Article 699 of the LSA-Civil Code to. the owner of an enclosed estate is a predial or
 
 *654
 
 real servitude due by one estate to another estate (LSA-Civil Code Articles 647 and 648), and the mineral lessee of one estate is without right to claim this servitude against the mineral lessee of another estate. Plaintiff, therefore, as mineral lessee is without right of action to claim the right of passage over defendant’s roads.
 

 The second question propounded in this case is whether plaintiff as the surface lessee (and not mineral lessee) of the property hereinabove described may in a suit against the mineral lessee of the same property enjoin the latter’s interference with the former’s use of the roads constructed by the mineral lessee. In its opinion in this case, the Court of Appeal on this question says [113 So.2d 82] :
 

 “The allegations of plaintiff’s petition, the averments of defendant’s answer, and the arguments of counsel with reference to the validity, vel non, of plaintiff’s alleged surface lease, must be treated as surplusage. The points which are involved in such a contention would necessarily have to be placed at issue in a different character of action to which both parties’ lessors would be necessary parties.”
 

 Article 48 of the Code of Practice provides :
 

 “Persons holding possession in name of another not entitled to maintain action—Notice to landlord.—Those who possess in the name of another, such as tenants, are not entitled to the possessory action, when disturbed in the enjoyment of the real estate which they possess in that quality, or even when they are expelled; but they have their remedy against the person in whose name they possess, and they are bound to apprise him of the disturbance they have experienced, by personal notice, if he be within the State, and by advertisements in the newspapers, if he be out of the State, in order that he may quiet them if it can be done; otherwise they lose all right to claim damages from him, and will be liable to him besides for all the loss and damages which he may have sustained through their neglect.”
 

 Hence, where the surface lessee is disturbed in his possession by the mineral lessee, both holding their leases from the same lessor, the former cannot maintain a possessory action against the latter. Furthermore defendant is not a party to plaintiff’s surface lease and is not bound to it contractually in any respect. As surface lessee, plaintiff is again without right of action.
 

 This brings us to a consideration of the right of plaintiff to use the roads in question as public roads independent of its claims under its surface lease or its mineral lease. Plaintiff relies upon LSA-R.S. 48:491 which provides in part:
 

 
 *656
 
 • « * * * Also all roads or streets made on the front of their respective tracts of lands by individuals when the' lands have their front on any of the rivers or bayous within this state shall be public roads when located outside of municipalities and shall be public streets when located inside of municipalities.”
 

 This provision of LSA-R.S. 48:491 is substantially the same as that of the Act of 1818 incorporated in Revised Statutes of 1870, § 3368 as amended by Act 220 of 1914. It will be noted that all of these statutes refer to “rivers and bayous” without regard to their navigability. LSA-R.S. 48:491 however, must be construed with LSA-Civil Code Articles 455
 
 [1]
 
 and 665.
 
 [2]
 
 As thus construed LSA-R.S. 48:491 means that roads constructed by riparian proprietors along
 
 navigable
 
 rivers or bayous are public roads.
 
 [3]
 
 This has been our uniform construction of these provisions of the Revised Statutes and Civil Code Articles. In Powell v. Porter, 172 La. 681 and 685, 135 So. 24, 25, we said:
 

 “The act of 1818, which now forms part of Rev.St. § 3368, amended by Act No. 220 of 1914, provides that all roads opened, laid out, or appointed by the Legislature or police juries, and, also, that all roads made on the borders of rivers or bayous by the front proprietors shall be deemed public roads. And Civ.Code, art. 455, declares that the use of the banks of navigable rivers or streams is public.
 
 The
 
 section of the Revised Statutes and the codal article must be construed together. McCearley v. Lemennier, 40 La.Ann. 253, 3 So. 649. When this is done, it seems to be plain that the law makes all roads constructed by the riparian proprietors along navigable rivers or other navigable streams public roads.”
 

 
 *658
 
 When defendant constructed the road on the bank of Castor Bayou he did so for account of his lessors, the riparian proprietors and this road became a public road subject to public use if Castor Bayou is in fact navigable. On the other hand if Castor Bayou is not navigable this road is a private road. Since plaintiff alleges in its petition that Castor Bayou is navigable the petition alleges a cause of action in that respect but as previously pointed out this allegation of the petition is denied in the answer and there is nothing in the stipulation with respect to the navigability of Castor Bayou.
 

 As plaintiff therefore has failed to prove that Castor Bayou is a navigable stream, it has not established its claim that the road constructed along its bank is a public road of which it has the use and enjoyment. It follows that this demand of plaintiff must be dismissed as in case of non-suit.
 

 This of course has no application to the access road leading across the property from the road along the bayou. There is nothing in the record which would make this a public road. It is a private road to the use of which the public, including plaintiff, has no right without the consent of the owner, and plaintiff’s demand for the use of this road must be rejected with prejudice.
 

 For the reasons assigned the judgments of the Court of Appeal and the district court are reversed and set aside and the injunction heretofore issued is recalled. The demand of plaintiff to enjoin defendant from interfering with plaintiff’s use,' as a member of the public, of the road along Castor Bayou, is dismissed as in case of non-suit. All other demands of plaintiff are rejected with prejudice, plaintiff to pay all costs.
 

 HAMITER, J., concurs in the result.
 

 [1]
 

 . Article 455 provides: “The use of the banks of navigable rivers or streams is . .public; accordingly every one has a right freely to bring his vessels to land there, to make fast the same to the trees which are there planted, to unload his vessels, to deposit his goods, to dry his nets, and the like.
 

 “Nevertheless the ownership of the river banks belongs to those who possess the-adjacent lands.”
 

 [2]
 

 .. Article 665 provides: “Servitudes imposed for the public or common utility, relate to the space which is to be left for the public use by the adjacent proprietors on the shores of navigable rivers, and for the making and repairing of levees, roads and other - public or common works.
 

 “All that relates to this kind of servitude is determined by laws or particular regulations.”
 

 [3]
 

 . Our ruling in no way conflicts with our decision in Hebert et ux. v. T. L. James & Co., Inc. et al., 224 La. 498, 70 So. 2d 102. In that case we did not have before us for consideration a road corn structed by a riparian proprietor but were dealing with an attempt of the Department of Highways of the State of Louisiana to take without compensation additional land to widen the existing road which had been there from time immemorial.