LANDRY, Judge.
Plaintiff Charles D. Brannon, an inmate of Louisiana State Penitentiary, Angola, Louisiana, instituted this action against defendant Peerless Insurance Company, in the capacity of liability insurer of a Moline D-6 tractor owned by the Penitentiary and allegedly insured by defendant under a fleet liability policy issued in the name of the State of Louisiana, seeking recovery of damages from said insurer for personal injuries allegedly sustained by plaintiff in an accident which occurred while plaintiff was operating the insured tractor at the state penitentiary in the discharge of plaintiff’s assigned duties as an inmate of said institution.
In the court below defendant excepted to plaintiff’s said petition as stating no cause of action, said exception being predicated solely on the contention that plaintiff having alleged himself to be an insured under the omnibus clause of the policy issued by defendant thereby precluded .recovery against his own insurer. The trial court sustained defendant’s exception of no cause of action and from said ruling plaintiff has appealed.
The gravamen of plaintiff’s complaint is set forth in Articles 2, 3 and 6 of plaintiff’s petition which are herein reproduced in full as follows:
“2.
“On or about October 8, 1959, your petitioner, while an inmate of Louisiana State Penitentiary, Angola, Louisiana, Parish of West Feliciana, during the course of his assigned duties therein, was driving a Moline tractor D-6 which was engaged in pulling a bush-hog near ‘G’ Street, at the Louisiana State Penitentiary, Parish of West Feliciana, in connection with these duties, when the right wheel of the aforesaid tractor fell into a stump-hole covered by grass throwing him from the tractor and underneath the wheels thereof, and causing serious, painful and permanent injuries to your petitioner.
“3.
“Your petitioner alleges that this accident was due to the negligent acts of the employees and/or agents of the Louisiana State Penitentiary and which acts are imputed to insuror (sic) defendant, Peerless Insurance Company, which consist, but not exclusively of (a) giving him insufficient instructions as to the operation and use of the aforesaid tractor and bush-hog attachment (b) permitting him to operate this equipment after only a brief period of improper and insufficient instructions. * * *
“6.
“Your petitioner alleges on information and belief that Peerless Insurance Company had issued unto the State of Louisiana its fleet policy of public liability, #PC-33421, effective from April 10, 1959 to April 10, 1960, covering various departments; with policy limits of $20,000.00 for one person and $100,000.00 for more than one person, insuring State of Louisiana and all persons driving its vehicles with the knowledge, consent and permission and approval thereof against the negligent use, operation maintenance of all its vehicles at Angola, Louisiana, including the above described tractor, and under the law your petitioner has a direct cause of action against defendant, Peerless Insurance Co.”
It is the contention of learned counsel for appellant that the trial court erred in passing upon defendant’s exception of no cause of action without considering the terms of the policy which was not introduced in evidence, therefore, the judgment *658 of the trial court should be reversed and this cause remanded to the lower court for introduction of the policy and a new trial of defendant’s said exception. In this regard the position of esteemed counsel for appellant is stated in his brief thusly:
“There is no indication in the record that the Court had before it a policy of insurance upon which the Plaintiff sued. The transcript and record does not appear to contain the policy or a copy of the insurance contract. It is. respectfully submitted that the terms and provisions of this insurance contract or policy cannot be considered by the trial court or an appellate court. Only the policy itself is proper evidence of its terms and provisions. It is further submitted that the exception of no cause of action could not properly be disposed of without the policy being before the court, or submitted in evidence.
“Appellant respectfully submits that a determination of the exception of no cause of action cannot be adjudicated without an examination of the terms and provisions of the insurance policy. Accordingly, the judgment of the trial court should be reversed. In the alternative, Appellant respectfully submits that the judgment of the trial court should be reversed and the case remanded for a new trial or hearing on the exception.”
We believe that learned counsel for appellant is in error in- urging that ap-pellee’s exception of no cause of action cannot be adjudicated and disposed of without consideration of the terms and provisions of the policy itself consequently this matter should be remanded to the court below for introduction of the contract.
Exceptions of no cause of action are triable according to rules which have, upon innumerable occasions, been consistently applied and reiterated by the appellate courts of this state. It is settled beyond doubt that such exceptions are triable only upon the face of plaintiff’s petition; no evidence is admissible either in support of or opposition thereto; and, for the purpose of disposing of such an exception, all well pleaded allegations contained in plaintiff’s petition must be accepted as true. Rapides Grocery Company v. Vann, 230 La. 829, 89 So.2d 359; Kennedy v. Perry Timber Co., 219 La. 264, 52 So.2d 847.
It is equally well established that if plaintiff’s petition states a cause of action on any count it is invulnerable to an exception of no cause of action. Elliott v. Dupuy, 242 La. 173, 135 So.2d 54.
Appropos the case at bar is the principle that doubts as to the rights of a plaintiff to recover should be resolved in favor of the sufficiency of the petition, and, unless the petition clearly discloses a lack of a cause of action an exception of no cause of action levelled against it should be overruled. Lusco v. McNeese, La.App., 86 So.2d 226.
Although in both his brief and oral argument before this court, able counsel for defendant exceptor vigorously contends that, as a matter of law, a party insured pursuant to the “omnibus clause” of a policy of automobile liability insurance may not, under any circumstances, recover from the insurer for injuries sustained while the former is operating the insured vehicle, illustrious counsel has cited no authority for such position.
Indeed, the issue presented appears to have been heretofore decided adversely to the contention of learned counsel for ap-pellee. On at least four previous occasions the appellate courts of this state have held that a named insured may recover from his insurer for injuries resulting from the negligence of an omnibus insured. See Hardtner v. Aetna Casualty & Surety Co., La. App., 189 So. 365; McDowell v. National Sur. Corp., La.App., 68 So.2d 189; Rodriguez v. State Farm Mut. Insurance Co., La. App., 88 So.2d 432 and Burge v. Windolph, *659 La.App., 79 So.2d 912. It further appears that in the Hardtner, McDowell and Rodriguez cases, supra, certiorari was denied by the Honorable Supreme Court of this state and presumably, therefore, the views expressed in the cited decisions have been approved, sanctioned and adopted by our highest appellate tribunal.
We deem the following language appearing in the Hardtner case, supra, appropos the issue presently before us :
“ * * * The reason for the majority rule is not without logic. It is somewhat as follows: The insurer intends to protect any person operating with the insured’s consent in every case. That oprator may have an accident in which he becomes legally liable to the insured for his negligence in operation. If the insurer denies a recovery, then it is not affording complete protection to the additional insured. Since it purports to render complete protection by the omnibus clause the rule of strict construction against the company must be applied. By applying this rule favorably to the additional insured the accident is covered and the named insured permitted to recover.
‡ í[? ‡ # ift
“Assume that the operator of the automobile, however, brings suit against the owner for injuries sustained if an accident happens solely because of defective equipment. Or assume that the omnibus clause protects persons ‘riding in’ or ‘legally responsible’ and such a person brings suit against the driver, usually his own agent, for his negligent operation. May the insurer defend upon the ground that such plaintiff is a person insured against legal liability and claim immunity on that basis ? Upon this point the standard policy does not change the existing law as the exclusion pertains only to the ‘named’ insured. Clearly, the decisions of the majority would permit a recovery. Several other decisions involving this identical point have permitted such an action to lie.”
Unquestionably, as contended by astute counsel for appellee an omnibus insured may not recover from his insurer for injuries occasioned by the former’s negligent operation or use of the insured vehicle. However, no valid reason has been advanced (and we cannot conceive of any) why there should be differentiation between the coverage extended the named insured and that afforded an omnibus insured in the absence of a policy provision expressly setting forth such a distinction, differentiation or difference. Assuming arguendo, an insurer may exclude recovery by an omnibus insured under any and all circumstances, no such exclusion has been asserted in the case at bar and, moreover, none could be shown except upon production in evidence of the policy itself.
On the other hand, however, we can readily conceive of instances wherein an omnibus insured may, while in the course of operating or using a vehicle, sustain injuries resulting from its use or operation for which the named insured is liable. For example could it be seriously contended the named insured would not be liable to the omnibus insured for injuries sustained by the latter in an accident resulting from the former’s failure to advise of an inherent defect in the vehicle? Similarly, we believe it could not be forcefully argued that the named insured is not responsible in damages for injuries to the omnibus insured occasioned by an accident resulting from the action of the named insured who, being present in the vehicle, negligently interferes with the operation of the vehicle by the omnibus insured. By the same reasoning, we can perceive of no compelling reason why the named insured would not be liable for injuries to the omnibus insured occasioned by the same or similar actions of the employees or agents of the named insured.
*660 Even a casual reading of the herein-above cited portions of plaintiff’s petition reveals that, in the case at bar, petitioner is seeking recovery for injuries occasioned by tire alleged negligence of the agents and employees of the named insured and not for injuries resulting from plaintiff’s own negligence.
As previously shown, we must accept the allegations of plaintiff’s petition as true for the purpose of disposing of the exception presently before the court. The truth of said averments being thus admitted, we cannot say that as a matter of law plaintiff’s complaint does not state a cause of action.
Granting that defendant insurer may otherwise resist and contest plaintiff’s claim by different procedural methods such as (but not limited to) the proper and timely pleading of policy exclusion or the defense of either contributory negligence or assumption of risk, such defenses, constituting affirmative defenses, cannot (excepting contributory negligence) be considered under defendant’s exception of no cause of action but rather must be expressly pleaded by way of affirmative defense in answer.
It is important to note that in the instant case the sole and only basis for appellee’s exception is the contention that as an insured under the policy plaintiff may not sue his own insurer because in so doing he is in effect suing himself. It is not contended that the petition herein affirmatively shows contributory negligence on the part of plaintiff so as to bring the case under the rule of Brown v. Parish of East Baton Rouge, La.App., 126 So.2d 173, which holds that allegations of a petition affirmatively showing contributory negligence on the part of a plaintiff may be made the basis of an exception of no cause of action. In this regard we note that the ruling in the Brown case, supra, is to the effect that although the affirmative defense of contributory negligence may be presented through' exception triable on the face of the petition, such exception should not be sustained unless the petition excludes every other reasonable hypothesis.
Counsel for appellee does not contend that defendant’s exception of no cause of action should be sustained under the ruling in the Brown case, supra, for the reason that contributory negligence is affirmatively shown on the face of plaintiff’s petition. This matter having been instituted prior to January 1, 1961, (the effective date of the new Code of Civil Procedure) such contention may not be considered by the Court on its own motion as provided for pursuant to Article 2164 LSA-C.C.P. with respect to actions initiated subsequent to the effective date thereof.
Assuming, arguendo, counsel for ap-pellee had invoked the rule of the Brown case, supra, herein or that we could, under' the provisions of the new Code of Civil Procedure, consider such issue without its having been raised by appellee, we are not disposed to hold that as a matter of law an inmate of a penal institution is guilty of contributory negligence under the circumstances alleged in the petition filed herein. We believe judicial cognizance may be taken of the fact that inmates of penal institutions are subject to the orders, rules, directives and commands of their superiors virtually without limitation, restriction or right of refusal to comply therewith. Such individuals, being subservient to rules of discipline vastly different from those applicable to citizens at liberty, may not, we believe, be held to the same exercise of judgment, rule of caution or degree of care required of persons possessed of full freedom and option of choice respecting their actions. We further believe that in the instant case, the allegations of plaintiff’s petition do not exclude every other reasonable hypothesis except that of contributory negligence on the part of plaintiff herein. It is elementary, however, that upon the issue of contributory negligence each case, including the .one at bar, must be determined in the light of its own peculiar facts and circumstances.
*661 For the reasons hereinabove assigned, the judgment of the trial court is reversed and set aside and judgment rendered herein overruling the exception of no cause of action filed herein on behalf of defendant Peerless Insurance Company and this cause remanded to the trial court for further proceedings consistent with the views herein set forth.
Reversed and remanded.