CHRIS T. BARNETTE, Judge pro tern.
Santo Joseph Di Fatta, d/b/a New Orleans Coin Machine Company, brought suit against Walter P. Williams, Jr., for damages on account of an alleged breach of contract. From a judgment maintaining an exception of no right or cause of action this appeal was taken.
Plaintiff is in the business of operating coin machines and customarily installs them in various places of business on contract on a commission basis. On October 25, 1959, a contract was made with the defendant to install such machines in his place of business at 4238 Chef Menteur Highway in New Orleans. Among other things the contract provided, in consideration of a loan of $7,200 that plaintiff would have the exclusive right to operate and maintain coin machines at said place of business for ten years. The contract also contained the following provision:
“In the event that my [meaning Williams] business is sold, transferred or terminated or said business is discontinued, this agreement will be considered terminated * *
It is signed “KYI Lounge, Walter P. Williams, Jr.”
Plaintiff alleges in his petition that on or about March 1, 1962, defendant breached the contract by removing plaintiff’s machines from his place of business and installing therein the machines of a competitor in the coin machine business. It is further alleged that the defendant formed the KYI Lounge, Inc., and that he, Williams, is a majority stockholder. He alleged specifically in paragraph No. 13 of his petition:
“ * * * this forming of a corporation is nothing more than a devious means of escaping such contract; that this is really a substitution in name only and actually there has been no material change in the relationship between your petitioner and defendant herein.”
The defendant filed an exception of no right or cause of action, based on the affirmative allegation that he “does not own *187 or operate the business complained of under the contract”. Obviously this exception sets forth a denial of plaintiffs petition and could not be sustained except upon trial of the factual issue alleged and denied. The Civil District Court very properly overruled the exception, May 1, 1963.
An exception of lis pendens and exception of prescription filed May 6, 1963, were overruled, June 7, 1963, and on June 11, 1963, defendant filed an answer denying all essential allegations of plaintiff’s petition. In some manner, not explained, the case was transferred to another division of the Civil District Court and the exception of no right or cause of action was re-urged in a proceeding on February IS, 1965, notwithstanding it had already been overruled. On this hearing counsel for defendant filed into the record various documents tending to prove that defendant Williams had transferred the KYI Lounge business to KYI Lounge, Inc., and that he, Williams, was no longer the owner of the business at the location named in the contract sued on.
The transcript of the foregoing proceedings indicates that plaintiff’s attorney was present, but he is not recorded as having spoken. The transcript concludes with the following :
“THE COURT:
“From the strict wording of the contract, the Court is of the opinion that the Exception of No Right or Cause of Action is well taken. The Court will maintain the No Right or Cause of Action.
“There is no question that the business has been sold or transferred from the ownership or proprietorship, whatever the case may have been, the Court will maintain the No Right or Cause of Action in this matter, and I am going to sign the Judgment effective tomorrow, which will give you three full days to appeal.”
On February 16, Reasons for Judgment was filed containing the substance of the foregoing statement and holding that, since plaintiff had prepared the contract, the ambiguities would be construed against him. Judgment accordingly, maintaining the exception of no right or cause of action, was signed and filed.
There is no question in our minds Aat the court was in error in dismissing plaintiff’s suit without a trial of the issues of fact.
In his argument and brief in this Court, defendant rests his whole case on the argument that the parties are bound by the contract and that parol evidence will not be admitted to alter or vary its terms and that uncertain provisions and ambiguities in a contract must be construed against the party who prepared it. Apparently the trial judge was impressed by this argument as indicated in his Reasons for Judgment, but we fail to see where it is even remotely relevant to the question before us.
In the first place the contract is not ambiguous Its meaning is clear and unequivocal and plaintiff has made no allegation to indicate any intention of altering its terms by parol evidence or otherwise. He merely sues for specific performance or, in the alternative, damages for its breach.
Whether or not the defendant did in truth and fact sell and transfer his business to a third party so as to terminate the contract under its terms is the question. The plaintiff has plainly alleged in his petition in that portion of paragraph No. 13 above quoted that the pretended sale or transfer by defendant of his business, the KYI Lounge to KYI Lounge, Inc., was a “devious means' of escaping” the contract and that it was in fact a “substitution in name only”. Without using the word fraud, which is a conclusion of law and need not be specifically alleged, the plaintiff has in substance pleaded fraud. He is entitled to his day in court and an opportunity to prove the facts pleaded by such evidence as may be available to him. The exhibits offered by defendant *188 may be considered on trial of the case on the merits as evidence in support of his contention. that the business was sold or transferred, but cannot be accepted as conclusive of such fact in the face of plaintiff’s specific allegation of their fraudulent character and purpose.
Unquestionably the plaintiff’s petition, to which he has annexed and made a part the contract forming the basis of his suit, sets forth a right of action. Whatever defense the defendant has relates to the cause of action. The jurisprudence of this State is so firmly settled that for the purpose of determining the issues raised by the exception of no cause of action, the well-pleaded facts in the petition and annexed documents must be accepted as true, that citation of authority seems entirely unnecessary. Elliott v. Dupuy, 242 La. 173, 135 So.2d 54 (1961); Harwood Oil & Mining Company v. Black, 240 La. 641, 124 So.2d 764 (1960) ; Breaux v. Pan American Petroleum Corporation, 163 So.2d 406 (La.App. 3rd Cir. 1964).
 It is settled beyond all doubt that such exceptions must be tried on the face of the petition. The trial court was in error in admitting evidence in the form of exhibits offered by defendant tending to disprove a fact alleged by plaintiff, for on the trial of the exception of no cause of action no evidence is admissible to support or controvert the objection that the petition fails to state a cause of action. LSA-C.C. P. art 931; Brannon v. Peerless Insurance Co., 147 So.2d 656 (La.App. 1st Cir. 1962). In effect the court has decided the case on the merits on evidence offered by defendant without giving plaintiff an opportunity to offer evidence in support of his well-pleaded facts. The judgment is clearly in error and must be reversed.
The judgment of the Civil District Court for the Parish of Orleans, maintaining the exception of no right or cause of action and dismissing plaintiff’s suit, is reversed and the case is remanded for trial according to law.
Costs of this appeal shall be paid by defendant-appellant; all other costs to await final judgment.
Reversed and remanded.