CHASEZ, Judge.
Plaintiff, Eugene Davis, alleging he was the duly qualified provisional administrator of the Succession of Harold V. Massulla, also known as Harold V. Massullo, filed suit on behalf of decedent’s estate to recover damages for the wrongful death of Massulla, who was struck by an automobile as he walked on the shoulder of Louisiana Highway 45. The accident occurred February 19, 1966 and suit was filed February 16, 1967.
Defendants, Stephen F. Wildey, III, the automobile driver, and his insurer State Farm Mutual Insurance Company pleaded the exceptions of no right or cause of action, which the trial court maintained on *413 May 23, 1967. From that judgment plaintiff appealed.
For the purposes of deciding exceptions, the allegations contained in the petition are deemed true. See DiFatta v. Williams, La.App., 176 So.2d 185.
Article V of plaintiff’s petition asserts the impact from the vehicle caused the instant death of Harold V. Massulla. On appeal plaintiff has attempted to recant this allegation with the assertion that the decedent lingered several hours and endured severe pain during that interval. Not only is there no evidence properly before us to support this argument, but the pleadings have never been amended to change the nature of the relief sought.
Under Civil Code Article 2315 a wrongful death action belongs only to the parties designated in the statute, i. e. surviving spouse and child or children, or the decedent’s father and/or mother, in the event decedent left no wife or children, or sisters and brothers, in the event decedent left neither wife and children nor parents. In Succession of Roux v. Guidry, La.App., 182 So.2d 109 (writs refused), this court specifically held that a provisional administrator could not recover for the estate of decedent damages for wrongful death. The action is limited to the beneficiaries specifically designated in Article 2315. It must be brought by the designated beneficiary within one year of the death or the action is perempted.
The record reflects procedural irregularities concerning plaintiff’s qualification as provisional administrator in that he filed a petition requesting appointment on the same day the suit was filed, but he did not have the order so appointing him signed until some six months after his suit had been filed and two months after it had been dismissed on exceptions. It is unnecessary for us to discuss the ramifications of this serious procedural defect because we have concluded that plaintiff has no right or cause of action because he is not one of the beneficiaries given the remedy under Civil Code Article 2315.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.