CHASEZ, Judge.
The plaintiff in this action, Santo Joseph Di Fatta, doing business under the trade name New Orleans Coin Machine Company, brought this suit against defendant Walter P. Williams, Jr. for damages on an .alleged breach of contract. Plaintiff was met originally with the peremptory exceptions of no cause and no right of action which were maintained by the lower court but reversed by this court on appeal, see Di Fatta v. Williams, 176 So.2d 185. The matter was tried on its merits and judgment was rendered in favor of defendant dismissing plaintiff’s suit. Plaintiff now brings this appeal.
The facts in this case are clear and not in dispute. On October 25, 1959 plaintiff and defendant entered into a contract which granted to plaintiff the exclusive right for a period of ten years, to install, operate and maintain certain legal coin operated amusement machines in defendant’s place of business, a bar and lounge owned and operated by defendant under the trade name KYI Lounge. The contract contained the following provision:
“In the event that my [meaning Williams] business is sold, transferred or *342 terminated or said business is discontinued, this agreement will be considered terminated * * * ”
The contract was in printed form prepared and supplied by the plaintiff.
The record reveals that some time in April 1961 defendant allowed plaintiff’s competitor Harry J. Duvigneaud, Jr. to install Duvigneaud’s machines in the KYI Lounge. Plaintiff brought suit to uphold his contract with defendant and was successful. Defendant was forced to remove Duvigneaud’s machines and to allow plaintiff’s machines to remain on the premises.
In December, 1961 Duvigneaud formed a Corporation known as KYI Lounge, Inc., of which he was President and the owner of 98% of the corporate stock. In January, 1962 defendant sold all of his interests in the KYI Lounge to the Corporation KYI Lounge, Inc. for the following stated consideration:
“This sale is made and accepted for and in consideration of the price and sum of Fifteen Thousand and no/100 ($15,-000.00) Dollars, of which $4,000.00 will be cash, the assumption of $6,000.00 of liabilities and a $5,000.00 note payable to Walter Williams, Jr., on demand, which the' said purchaser has well and truly paid, in ready and current money to the said vendor who hereby acknowledges the receipt thereof and grant full acquittance and discharge therefor.”
Subsequent to this sale in March 1962 plaintiff’s machines were removed from the Lounge and Duvigneaud’s machines were moved in. This suit followed, plaintiff claiming damages for loss of profits for the period March 1, 1962 to March 15, 1963. Plaintiff alleged in his petition initiating this suit that defendant is a majority stockholder of KYI Lounge, Inc., and that the formation of the corporation was nothing more than a devious means of escaping the contract between plaintiff and defendant; that the corporation is a substitution in name only and that there has been no material change in the relationship between defendant and the business known as KYI Lounge.
Defendant on the other hand takes the position that by the very wording of the contract between him and plaintiff, the contract terminated upon the sale by defendant of his business to a third party, thus plaintiff has no action under the contract now available to him.
The trial court in his Reasons for Judgment offered these statements as a basis for his decision to dismiss plaintiff’s suit:
“This suit is predicated upon a written contract between plaintiff and defendant whereby for consideration, the plaintiff agreed to place his coin-operated machines in the place of business owned and operated by the defendant for a specified period of time.
“The contract stated that in the event the business was sold by the defendant the contract was cancelled.
“The defendant did in fact sell his business to a corporation owned by others and has been hired by this new owner on a salary basis, receiving none of the profits.
“The plaintiff tried to show that there was no sale or if there was a sale it was for the purpose of defeating the contract.
“The Court is of the opinion that there was a bona fide sale from defendant to others, hence the business was sold and the contract cancelled under its own terms.
“Therefore, the plaintiff cannot recover under the contract.”
We agree with the findings of the trial court and find that the testimony and evidence in the record before us amply supports his conclusions.
Plaintiff’s most serious grievance appears to be that defendant deliberately, in bad faith, set out to avoid the terms of his con *343 tract with plaintiff, and that this court should not now condone such action.
In this regard the record does show that since the sale of his interests in the KYI Lounge defendant’s activities in connection with the Lounge have remained substantially unchanged. He readily admitted under cross-examination that he has remained on with the Lounge as manager at a salary of $7,500.00 a year, .a sum considerably greater than the profits he was making from the Lounge as owner. He has the authority to write checks on the Lounge account for the ordinary bills which arise on a day-to-day basis and has the hiring and firing authority over the other Lounge employees.
Nevertheless, plaintiff’s case has this serious defect. He has failed to show that defendant has anything other than a minimal (1%) interest in the KYI Lounge, Inc., the present corporate owner of the KYI Lounge. Further he has totally failed in his efforts to prove that the transaction between defendant and KYI Lounge, Inc. was anything other than a valid transfer of all of plaintiff’s interests in the KYI Lounge.
While the facts herein seem to indicate that the defendant desired to avoid his obligations to plaintiff by selling his interests in the Lounge, we find that there is nothing in the contract, as prepared by the plaintiff, which has not left him free to do so.
The record is clear that at this moment defendant is but an employee of the KYI Lounge, Inc., .and his continued position therewith is wholly at the discretion of Harry J. Duvigneaud, Jr., the President and majority stockholder of the corporation. In this capacity if Duvigneaud chose to dismiss the defendant he would be free to do so, and the defendant would be without an apparent legal remedy to prevent him from so acting.
The plaintiff is displeased and aggrieved with the method in which the defendant has succeeded in terminating the contractual relationship existing between the oar-ties, but under the facts as developed herein we have no alternative but to affirm the judgment of the court a quo.
We have examined the authorities cited in plaintiff’s brief and find them to be inapposite to the facts herein.
For the reasons hereinabove stated the judgment of the trial court is affirmed. Appellant shall bear all costs of this appeal.
Affirmed.