478 So.2d 204 (1985)
Basil B. COBB, et al., Plaintiffs-Appellees,
v.
Oatha W. McCART, Defendant-Appellant.
No. 84-817.
Court of Appeal of Louisiana, Third Circuit.
November 7, 1985.
*205 Charles W. Seaman, Natchitoches, for defendant-appellant.
Thomas, Dunahoe and Gregory, A.J. Gregory, Natchitoches, for plaintiffs-appellees.
Before DOMENGEAUX, LABORDE and KNOLL, JJ.
DOMENGEAUX, Judge.
Oatha W. McCart, defendant-appellant, has appealed the judgment of the district court in favor of Basil B. Cobb and Leary Taylor, plaintiffs-appellees, wherein the trial court granted to plaintiffs a servitude of passage over the property of the defendant.
The plaintiffs filed this action on November 8, 1983. Basil B. Cobb is the owner of a 1.93 acre tract of land and Leary Taylor is the lessee of an unspecified amount of acreage bordering on Clear Lake in Natchitoches Parish. The petition prayed that the plaintiffs be granted a right of passage over the land of the defendant, alleging in essence that the lands they possessed were enclosed and that the only and closest access which they have to a public road is through McCart's property.
The defendant answered alleging that the plaintiffs had a more reasonable and direct access to their property than through the defendant's property.
Subsequently, the defendant filed exceptions of nonjoinder of an indispensable party and no cause or right of action as to Leary Taylor and an exception of no cause or right of action as to Basil Cobb. The exceptions were referred to the merits and while not expressly overruled therein, the judgment rendered certainly carried with it such action.
A trial was held on March 15, 1984, and in oral reasons for judgment which were transcribed into the record the district judge ruled that the plaintiffs were entitled to a right of passage over the defendant's property due to the fact that their land was enclosed and they had no access to a public road. The district judge found as a matter of fact that the nearest public road to the property possessed by Mr. Cobb and Mr. Taylor requires them to cross Mr. McCart's property.
The defendant appeals the decision of the district court and assigns as error:
1. The trial court overruling the defendant's exceptions of nonjoinder of an indispensable party and no right or cause of action.
2. The trial court's grant of a right of passage over the defendant's property.
3. The trial court's grant of only $750.00 to defendant as damages for the plaintiff's right of passage.

ASSIGNMENT OF ERROR NO. 1
We are of the opinion that the trial court erred in not maintaining the defendant's exception of no right of action pertaining to plaintiff Taylor.
La.C.C. Art. 689 provides:
"The owner of an estate that has no access to a public road may claim a right of passage over neighboring property to the nearest public road. He is bound to indemnify his neighbor for the damage he may occasion."
La.C.C. Art. 689 which became effective January 1, 1978, essentially reproduces Article 699 of the Louisiana Civil Code of 1870. Article 689 differs from prior Article 699 only inasmuch as it declares that an estate is enclosed if it does not have access to a public road, even though it has access to a railway or tramway. See Comment, La.C.C. Art. 689.
Article 689 expressly states that the owner of an estate may claim a right of passage over a neighboring estate to the nearest public road if the owner's estate has no access to a public road. Mr. Taylor *206 is not the owner of the enclosed estate for which he seeks a right of passage. He is simply a lessee of that enclosed estate and therefore he has no right of action to seek a servitude of passage.
In support of our holding that Mr. Taylor does not have a right of action we rely upon the Louisiana Supreme Court case of Harwood Oil & Mining Company v. Black, 240 La. 641, 124 So.2d 764 (1960). In Harwood the Supreme Court ruled that La.C.C. Art. 699 establishing a right of passage to the owner of an enclosed estate over a neighboring estate is a real right granted to the dominant estate and is thus a proprietary interest of the owner of that estate. The High Court noted that a lease is a personal right and therefore held that a mineral lessee of one estate was without right to claim a right of passage over the defendant's roads. We therefore hold that the district court erred by overruling the defendant's exception of no right of action against Leary Taylor.

ASSIGNMENT OF ERROR NO. 2
Essentially, the appellant argues that the district judge erred by granting Basil Cobb a servitude of passage over appellant's property as Cobb was not entitled to a servitude by law.
La.C.C. Art. 689 states that an estate is enclosed if that estate has no access to a public road and if the estate is found to be enclosed the owner has a right of passage over neighboring property to the nearest public road.
Mr. Cobb acquired his property by deed from B.B. Breazeale, Jr., and G.G. Sompayrac on April 29, 1953. That deed states:
"Vendors grant unto the vendee a right of way not exceeding twenty (20) feet of egress and ingress over any contiguous lands of vendors for the free enjoyment of the above described property, and is granted the right to construct and maintain a road for free access to the property herein described. Vendors further grant unto the vendee ingress and egress across any lands now owned by them that is under water contiguous to the land above described for the purpose of reaching the above described property by boat."
After an extensive review of the plats and evidence entered into the record we find the successor of B.B. Breazeale owns a large tract of land completely surrounding the tract owned by Mr. Cobb. Located on the successor's tract is a public road.
A tract of land is not enclosed if there is an existing conventional servitude of passage over another trace. See Robinson v. Herring, 20 So.2d 811 (La.App. 2nd Cir.1944). See also Young v. Manuel, 385 So.2d 544 (La.App. 3rd Cir.1980).
We therefore hold that as Mr. Cobb's estate had access to a public road it was not an enclosed estate. The Civil Code does not provide a legal servitude of passage over the land of another when the owner of the alleged dominant estate has access to his property by other means.
Because of our disposition in Assignments of Error No. 1 and 2 we need not consider the merits of Assignment of Error No. 3.
For the above and foregoing reasons the decision of the district court is reversed. The defendant's exception of no right of action filed against plaintiff, Leary Taylor, is maintained and therefore Leary Taylor's case against defendant is dismissed. Plaintiff Basil B. Cobb's case against defendant is reversed on the merits and is thereby dismissed. All costs on appeal to be assessed against plaintiffs-appellees.
REVERSED AND RENDERED.