| TDALEY, J.,
Dissenting:
I respectfully disagree with the majority opinion. I would vacate the judgment of the trial court and remand this matter to the trial court because the adjacent property owners of Square 50, Lots 25-30, along with the Parish of Jefferson, are indispensable parties whose participation is necessary in order to determine whether or not the 24th Street right of way is available to the plaintiff to access a public road.
The parties stipulated that:
3. Kavanagh Property 2 abuts the remaining portion of the 24th Street right of way which runs out to Causeway Boulevard (“24th Street Right of Way”).
4. The 24th Street Right of Way which abuts Kavanagh Property 2 has not been revoked or transferred and the Parish of Jefferson is the owner.
5. The 24th Street Right of Way is 50 feet wide.
Douglas Robert, a traffic engineer for Jefferson Parish, testified that the 24th Street right of way has not been revoked. However, he indicated that the parish may prohibit the use of the right of way for safety reasons. The record also contains testimony that the right of way is obstructed with a fence on the western boundary line of the property on which the Shell Service Station is located. If 24th Street is a dedicated servitude of passage, and if it is available for use, then it provides plaintiff access to Veterans and/or Causeway Boulevards. The availability of the 24th Street right of way cannot be resolved without all affected parties participating in this litigation.
|?I respectfully disagree with the majority opinion that states that the property is landlocked if it does not directly access a public road. A landowner is not entitled to access to the closest public road when the title of the property includes a right of way to another public road. Cobb v. McCart, 478 So.2d 204 (La.App. 3 Cir. 1985). An estate is enclosed only when it does not have access to a public road and an owner may claim a right of passage over his neighbor’s property only if the owner has no access to a public road. I agree with the majority opinion that 24th Street is not an improved public road. It is nonetheless a dedicated right of way that was plotted and dedicated for the benefit of the lot owners of Harlem Subdivision.
In Boutbe Assembly of God, Inc. v. Champagne, 00-340 (La.App. 5 Cir. 12/27/00), 777 So.2d 619, 625, this Court found that a portion of a street had been dedicated for public use, stating:
‘Implicit in the act of filing of a plan of subdivision in the map book of the parish, showing squares, lots, streets, alleys, and walkways, is the intent on the part of the subdivider of dedicating the streets, walks and alleys to public use.’ A statutory dedication is complete and irrevocable even where there is no exercise or use of the dedicated property by the public. Such streets become dedicated to public use as soon as a lot is sold in accordance with the plan. [Citations omitted.]
The record establishes that the parish sold to plaintiff the portions of the 24th Street right of way that were adjacent to its lots, and that the parish has retained ownership and/or ownership rights over the 24th Street right of way between plaintiffs lots and Causeway Boulevard. This fact suggest that the plaintiffs land is not landlocked. However, due to questions about available use of the right of way the case must be remanded.