JAMES L. CANNELLA, Judge.
|sThe Defendants, Louisiana Land & Exploration Company, a wholly owned subsidiary of Burlington Resources (LL & E), and Kappa Loyal, L.L.C. (K.L.) appeal from a judgment declining to award indemnity in an action for a servitude of passage. The action was brought by the Plaintiffs, Jon L. Steinberg, Ina Levinsohn Steinberg Godchaux, Laura Steinberg Thames, Charlotte Steinberg Gottesman, Carol Hochberg Merlin, Jacqueline Stein-berg Hochberg (Individually and as Trustee of The David Merlin Trust and The Ashley Dee Merlin Trust), Roemill, Inc, and Terrma Co. We affirm.
LL & E owns 7,247 acres of wetlands located north of St. Charles Parish Highway 631 (Old Spanish Road.) A road through the acreage was constructed many years ago by Texaco, the lessee of the property at one time. Texaco and other mineral operators maintained the road, providing access to producing mineral leases and pipelines crossing the leased property. Texaco built a gate across the road near the entrance to Highway 631 from the property. LL & E maintained the gate, controlled the road and employed patrolmen to prevent unauthorized users. The road runs through and across the property from Highway 631 to the north and |4northwest for a distance of 4 1/8 miles. It then crosses land owned by Ideal Fur Company (Ideal), and ends at another tract of property to the east of Ideal’s property. As the road crosses the Ideal property, it branches to the north. After some distance, it exits the Ideal tract and enters the Plaintiffs’ property.[1]
The Plaintiffs own 2,680 acres of marshland that is an “enclosed estate,” as contemplated by La.C.C. arts. 689-694. Access for many years to the public road has been by way of the LL & E road. The Plaintiffs’ ancestors in title, agents and lessees, including the Mallard Duck Club (hunting club), have used the LL & E road for over 30 years. Keys to the gate were provided to the Plaintiffs and the hunting club. No formal contract has ever been executed granting the Plaintiffs a formal servitude of passage. However, a verbal agreement had been in existence from at least the 1980s.
In July of 2001, LL & E leased the property to K.L. According to the lease, K.L. was given control of the LL & E road and responsibility for keeping out unauthorized users. Authorized users included the mineral lessees, surface lessees, and the owners of rights and rights of way in the lease. K.L. continued to allow the Plaintiffs’ lessees access to the road for more than a year. However, a dispute arose from alleged acts of poaching and abusive behavior by certain members of the hunting club causing K.L. to refuse the Plaintiffs or their lessees’ use of the road.
On February 18, 2003, the Plaintiffs filed suit against LL & E for a servitude of passage, pursuant to La.C.C. arts. 689-694, and further sought an injunction against K.L. to force it to provide access to the road. In the petition, the Plaintiffs offer indemnity as required by C.C. art. 689 to LL & E for the right of passage, but assert |sthat the right for indemnity has prescribed. K.L. and LL & E claimed that K.L., as LL & E’s lessee, was the party to whom indemnity was owed.
Following a trial on March 22, 2005, the judge rendered judgment in favor of the Plaintiffs on May 31, 2005. The trial judge determined that the Plaintiffs proved their entitlement to a right of passage, but that K.L. was not entitled to indemnity as it is not a “neighbor” within the meaning of *477 C.C. art. 689. He further found that LL & E waived its right to indemnity. He did not reach the prescription issue.
On appeal, the Defendants assert that the trial judge erred in determining that indemnity is not owed to K.L., and in failing to award K.L. indemnity of approximately $180,000 pursuant to the evidence at trial. Alternatively, they contend that the trial judge erred in finding that LL <& E waived its right to indemnity by failing to request it by affirmative defense or reconventional demand. They claim that LL & E’s right to indemnity is not prescribed, and that it is owed $180,000 in indemnity.
RIGHT TO INDEMNITY
La.C.C. art. 689 provides:
The owner of an estate that has no access to a public road may claim a right of passage over neighboring property to the nearest public road. He is bound to indemnify his neighbor for the damage he may occasion.
A predial servitude is a charge on the servient estate (the Defendants’ property) for the benefit of a dominant estate (the Plaintiffs’ property), which must belong to two different owners. La.C.C. art. 646. Predial servitudes are real rights. Louisiana Irrigation & Mill Co. v. Pousson, 252 So.2d 151, 154 (La.App. 3rd Cir.1971), aff'd, 265 So.2d 756, 262 La. 973 (La.1972). However, a predial lease gives rise only to personal obligations. See: 4 A.N. Yiannopoulos, Predial Servitudes § 95, at 276 and 276 note 8, in 5 Louisiana Law Treatise (2004).
In Cobb v. McCart, 478 So.2d 204, 206 (La.App. 3rd Cir.1985) and Salvex Inc. v. Lewis, 546 So.2d 1309, 1313-1314 (La.App. 3rd Cir.1989), writ denied, 551 So.2d 1323 (La.1989), the Third Circuit held that a surface lessee does not possess a real right. Other jurisprudence has concluded that a predial or surface lessee, as here, is not a proper plaintiff in an action for forced passage. See: Yiannopoulos, Pred-ial Servitudes, supra at 277 and 277 note 17. Only mineral lessees have been specifically granted the right to claim forced passage under C.C. art. 689, by virtue of the Mineral Code which declares that a mineral lessee has a real right.
In Professor Yiannopoulos’ treatise on predial servitudes, he states that indemnity is due the owner of the servient estate. 4 A.N. Yiannopoulos, Predial Ser-vitudes, § 98, at 288, note 1, in 5 Louisiana Law Treatise (2004). While the case he cites for this statement in Note 1 does not address this particular issue and only decided if a particular party was an owner, a review of the predial servitude discussion in that treatise and the jurisprudence indicates that no lessee has been accorded by statute or case law the rights of the property owner relative to predial servitudes.
Nevertheless, the Defendants argue that the indemnity should be extended to them, the surface lessee, by analogy to the development of the law on the obligations of neighborhoods, La.C.C. art. 667, and because C.C. art. 689 uses the word “neighbor,” rather than “owner.” C.C. art. 667 prohibits works by a proprietor on his property that may damage or deprive his neighbor of the liberty of enjoying his own property. However, the Louisiana Supreme Court extended C.C. art. 667 to include lessees as proper parties, because that article relates to delictual acts. The Court discussed its relationship to C.C. art. 2315. See: Inabnet v. Exxon Corporation, 642 So.2d 1243, 1251 (La.1994).
|7C.C. art. 689 does not relate to tortious conduct, but is a method to prevent property from lying fallow, or to “secure the ‘full utility’ of the enclosed estate.” 4 A.N. Yiannopoulos, Predial Servitudes, § 92, at 261, in 5 Louisiana Law Treatise (2004). *478 Since C.C. art. 667 and C.C. art. 689 have distinctly different purposes, we decline to analogize the developing law in C.C. art. 667 to extend the law of C.C. art. 689 to include a surface lessee in the definition of a “neighbor.” Thus, we find that K.L. is not entitled to recover indemnity under C.C. art. 689.
The Defendants alternatively argue that when LL & E transferred control over the road to K.L. in the lease, it included the right of indemnification for damages caused by the Plaintiffs as a result of the servitude awarded by the trial judge. However, the léase only provides that K.L. can impose on the Plaintiffs “a reasonable and proportionate allocation of road maintenance expenses actually incurred by Kappa Loyal.” It does not assign all indemnity rights to K.L. Furthermore, the evidence at trial did not include any actual maintenance costs incurred by K.L. for the maintenance of the road. Thus, K.L. is not entitled to an award for maintenance costs in this proceeding.
WAIVER AND PRESCRIPTION
Under C.C. art. 689, LL & E, the owner of the property would be entitled to indemnity for the legal servitude over its road. However, the trial judge denied LL & E indemnity on the basis that it waived the right by failing to ask for indemnity at any time prior to or during the judicial proceedings. The record supports this finding. The Plaintiffs used the road for approximately 30 years prior to this action with the permission of LL & E, according to Kermit Coulon, LL & E’s representative who became the manager of the property in the 1980s. Coulon testified that there had been an oral agreement that permitted the Plaintiffs to use the road at least as far back as the 1980s when he became manager of the property. |RAt no time did LL & E ask for indemnity from the Plaintiffs. Not until K.L. gained control of the road in 2001 through its lease agreement with LL & E did any dispute arise regarding, use of the road. Even then LL & E remained silent regarding its right to indemnity.
K.L. and LL & E argue that LL & E did not need to plead or ask for indemnity because the Plaintiffs had to offer indemnity in the petition in order to assert a cause of action for the right of passage under C.C. art. 689. See: 4 A.N. Yianno-poulos, Predial Servitudes, § 95, at 280, in 5 Louisiana Law Treatise (2004). However, C.C. art. 689 only requires that the owners of the enclosed estate offer to pay indemnity when a claim for the right of passage is made. When the servient estate owner fails to respond as to whether the indemnity is sought, it has not accepted the offer, and its silence on this issue will be construed as a waiver of the right to indemnity. Although in this case, K.L. asked for indemnity for K.L. “and/or” LL 6 E, K.L. in its answer, LL & E also filed an answer in which it denied the allegation in paragraph 12 relating to the offer of indemnity solely on the basis that the allegation was a legal conclusion. At no time did LL & E evidence any interest on its own behalf for the indemnity. Thus, we find that the trial judge did not err in finding that LL & E waived its right to indemnity.
We also note that this claim may in fact be prescribed. There is some support in the treatise and cited cases that a predial servitude can be established by oral agreement as between the parties as long as the servitude has in fact been used and that the grantor recognizes the grant when interrogated under oath. 4 A.N. Yianno-poulos, Predial Servitudes, § 124, at 354, note 4, in 6 Louisiana Law Treatise (2004). In the treatise, Professor Yiannopoulos author cited La.C.C. art. | a1839, and Guillotte *479 v. Wells, 485 So.2d 187 (La.App. 2nd Cir.1986).[2] We find that view reasonable in light of C.C. art. 1839. Because the oral agreement here would have been in effect for at least 30 years, we find that even if LL & E did not waive its indemnity claim, the claim had prescribed prior to this action.
Accordingly, the judgment of the trial court is hereby affirmed. Costs of this appeal are to be paid by the Defendants.

AFFIRMED.

. The Plaintiffs have a conventional servitude of right of passage with Ideal.

. He noted a contrary opinion in Robert Investment Co., Inc. v. Eastbank, Inc., 496 So.2d 465 (La.App. 1st Cir.1986).