Manly, J.
 

 When a justice is acting in a judicial capacity within the sphere of his jurisdiction, no action will lie for any
 
 *527
 
 judgment however erroneous or malicious. This principle has been steadily adhered to by our courts as indispensible, in order to protect such officer from the peril of being arraigned for every judgment he may pronounce, and to prevent the public justice of the country from thus being brought into scandal.
 

 It is not so, however, with regard to such acts as are not judicial, but merely ministerial. "With respect to the latter, if the officer transcend his powers, maliciously,
 
 {mala fide)
 
 he will be amenable to the action of the person injured.
 

 It'is not always easy to say when an act is judicial, and when it is ministerial; but assuming that the justice was acting in the latter capacity, on the occasion complained of, still, we think the instructions to the jury were incorrect. The Court held that the act of tying, which was executed by the sheriff, under the order of the justice, subjected them, without further proof, to damages. In this, we do not concur.
 

 In the case of the
 
 State
 
 v.
 
 Stalcup,
 
 2 Ire. Rep. 50, it -was held that a prisoner, in the custody of an officer, under State process, might be tied. The officer is bound to keep safely, and may resort to all the ordinary means used for such a purpose, and their propriety or necessity, should not be enquired into by a jury. But if he grossly abuse his powers, that is to say, if the facts testified to, convince the jury that the officer did not act honestly and according to his sense of duty, but under the pretext of duty, was gratifying his malice, he would be liable.
 

 If an officer, whose duties are exclusively ministerial, may, in his discretion, tie a prisoner, there seems to be no reason why a justice may not order it. It is laid down in Chitty’s Criminal Law, 24, upon high authority, that if one be committing an affray, a peace officer may not only arrest, but may confine by putting in the stocks until the heat be over, and then proceed according to law. At o.ur country places of resort, where taxes are gathered, there are neither stocks nor prison, to which resort can be had to secure order, and in such case, we see no legal obstacle or just ground of com
 
 *528
 
 plaint, in tying, as a substitute for stocks, when- it is apparently necessary. Happily for our country, the necessity for such means of' repression, is rare, and we add- a hope that it may become still rarer.. The power of the justice, under the facts of the case before us, was unquestionable. The justice was engaged at the time in writing a warrant for one, who had been just arrested, in-an affray, when he was disturbed and grossly insulted by the plaintiff. It is within the sphere of
 
 every
 
 magistra.te-’s power to protect himself from annoyance, while in the execution of his official duties, by removing the source of anno^yance, and holding him in custody as long as it may be needful. The liability of the justice, then, would depend upon whether he-used his authority to gratify his malice under a pretext of duty, or acted, honestly according to his sense of right.
 

 And the liabilty of the sheriff would, in like manner,, depend upon whether he acted in good faith in obedience to the order of the justice or availed himself of it to gratify his malice.
 

 There was
 
 error,
 
 therefore, in assuming that it was a trespass to tie the plaintiff. The trespass, and consequent liability of the parties, would depend upon whether there was an abuse of power according to the definitions given above. See
 
 Cunningham
 
 v.
 
 Dilliard,
 
 4 Dev. and Bat. 315, and
 
 State
 
 v.
 
 Stalcup, supra.
 
 There must be a
 
 venire de novo.
 

 Per Curiam,
 

 Judgment reversed.