C. T. GILLIKIN, ADMINISTRATOR OF LOUIE ELMER GILLIKIN, DECEASED, AND NEXT OF KIN TO LOUIE ELMER GILLIKIN, DECEASED v. UNITED STATES FIDELITY & GUARANTY COMPANY.

(Filed 8 March, 1961.)

1. **Coroners: Public Officers § 1—**
   Coroners are public officers. Constitution of North Carolina, Article IV § 24.

2. **Coroners—**
   A coroner is under duty to make an investigation as to the cause of the death of a person only when it appears that the deceased probably came to his death by criminal act, and he is required to summon a jury only if such investigation satisfies him of this fact, G.S. 152-7, and a death resulting from negligence is not the result of a criminal act unless the negligence is culpable.

3. **Coroners: Public Officers § 9: Principal and Surety § 2—**
   A civil action will not lie against a coroner or the surety on his bond for the refusal of the coroner to call an inquest, or the manner in which he makes his personal investigation of a death, even though he acts corruptly and maliciously, since in the performance of such duties he acts

as a judicial officer and public policy prohibits a civil action for damages based on the manner in which he performs such duties.

PARKER, J., concurs in result.

APPEAL by plaintiff from *Burgwyn, E. J.,* October 1960 Term, of CARTERET.

This is one of four related actions which trace their origin to a collision of motor vehicles in Carteret County resulting in the death of plaintiff's intestate. There is substantial identity in the allegations in each complaint of the asserted tortious conduct which forms the basis for the action. These basic allegations are summarized in *Gillikin v. Springle, ante,* 240. By reference they are made a part of the statement of facts on which this decision rests. In addition to the facts there summarized and to afford a basis of relief against this defendant, plaintiff alleges: Springle, owner of the truck which collided with the automobile operated by plaintiff's intestate, was coroner of Carteret County, and as such executed a bond for the faithful performance of the duties of his office as required by statute, G.S. 152-3. Defendant executed that bond as surety. "That at the time of the wreck the said Leslie D. Springle, in violation of his ethical duty and his legal duty as set forth under General Statutes 152-7 refused to call an inquest at the specific request of the members of the family group of the deceased and this refusal was done, as plaintiff is advised, because the said Springle did not want to perpetuate and put in record testimony of evidence as it arose at the scene of the accident, then favorable to the administrator, before he had an opportunity to tamper with, coerce and fix the evidence in his own selfish interests."

"That immediately upon taking over the investigation from Patrolman Sykes he first refused to disqualify himself because he had a personal interest in the controversy although Deputy Sheriff Askew suggested that he disqualify himself and permit the Sheriff's Department to handle the investigation. Instead of agreeing to this suggestion he immediately coerced and brow beat the drivers of the trucks (working for him and hauling his potatoes) and fixed their testimonies in his own behalf and although Donald Knudson, the surviving rider in the death car, was severely injured in the hospital and unable to talk, the said Leslie D. Springle aided and abetted by Patrolman Sykes, went to the hospital room and did coerce and threaten the said witness to cause him to testify in Springle's favor."

Defendant answered. It admitted execution of bond as surety for Springle, coroner of Carteret County. It admitted the collision between

the motor vehicles resulting in the death of Gillikin and plaintiff's appointment as administrator. It denied any of the allegations of wrongdoing. It admitted Springle had instituted a suit against Gillikin, administrator, for damages caused by the collision, which action had terminated in Springle's favor. It pleaded said judgment in bar of recovery.

Defendant moved for judgment on the pleadings. The motion was allowed and plaintiff appealed.

*Charles L. Abernethy, Jr. for plaintiff, appellant.*
*C. R. Wheatly, Jr. and Thomas S. Bennett for defendant, appellee.*

RODMAN, J.  For the reasons given in *Gillikin v. Springle, ante,* 240, plaintiff cannot recover because of the alleged conspiracy to defeat, by perjured testimony, his action for damages for the wrongful death of his intestate.

Certainly if he cannot recover against Springle personally for the alleged perjured testimony, no right of action can be maintained against Springle as coroner because of such perjured testimony.

In final analysis plaintiff's asserted right to recover in this action is predicated upon the assertion that Springle as coroner refused to hold an inquest.

Coroners are public officers. Art. IV of our Constitution relating to the judicial department of government provides, in sec. 24, for their election. Their duties are prescribed by c. 152 of the General Statutes. Sec. 7 of that chapter details their duties with respect to the holding and manner of conducting an inquest. That section is simply a statement of the historical function of a coroner. He is by that section commanded to make an investigation whenever it appears deceased probably came to his death by criminal act. He is not required to summon a jury unless satisfied from his personal investigation that death was the result of criminal conduct.

Plaintiff makes no assertion that his intestate died as a result of criminal conduct. He merely alleges that the death was the result of a negligent act of Springle's employee in taking more than his proper share of the highway. Negligence is not criminal unless culpable. *S. v. Phelps,* 242 N.C. 540, 89 S.E. 2d 132.

The duty of determining whether an inquest is necessary and the manner of conducting an inquest are judicial functions. *S. v. Knight,* 84 N.C. 789. A judicial officer cannot be held accountable in an action for damages for the manner in which he performs his duties even though it be alleged that he acted corruptly and maliciously. *Cunningham v. Dillard,* 20 N.C. 485; *Furr v. Moss,* 52 N.C. 525; *Phelps*

v. *Dawson*, 97 F 2d 339, 116 A.L.R. 1343; Annotations, 173 A.L.R. 838; 30A Am. Jur. 50.

Since public policy prohibits an action for damages for a coroner's refusal to call an inquest, it follows that no right of action exists against the surety on his official bond.

The judgment dismissing the action is
Affirmed.

PARKER, J. concurs in result.