FRUGÉ, Judge.
This is an appeal by plaintiff from a ruling of the district court sustaining defendant’s exception of no cause of action.
Plaintiff-appellant, Russell Marcotte, was employed by the Avoyelles Parish Police Jury as a custodian and janitor of the Avoyelles Parish Court House. While so employed, on October 19, 1964, plaintiff attempted, in the performance of his duties, to light the boiler for the express purpose of heating the Court House. He was unsuccessful in this endeavor due to the fact that the boiler exploded, severely injuring him.
Workmen’s compensation benefits were paid and are still being paid to plaintiff by Bankers’ Fire & Marine Insurance Company, the workmen’s compensation carrier for the Avoyelles Parish Police Jury.
At the time of the boiler explosion, the Ocean Accident & Guaranty Corporation, Ltd., had in effect a comprehensive liability insurance policy with the Avoyelles Par-, ish Police Jury with policy limits of $20,000 for any one accident. This comprehensive liability policy excluded coverage to employees of the Avoyelles Parish Police Jury who were entitled to workmen’s compensation benefits.
Plaintiff instituted suit against the Ocean Accident & Guaranty Corporation, Ltd., on the contract of insurance per se and, alternatively, in tort for breach of a duty owed to him as a member of the general public.
The defendant filed an exception of no right or cause of action excepting to the plaintiff’s petition on the ground that the policy of comprehensive insurance issued to the Avoyelles Parish Police Jury by the defendant contained the standard exclusionary clause providing that indemnity under the said policy shall not apply to any obligation for which the insured may be liable under any workmen’s compensation laws and, further, that the pleadings did) *428 not disclose a breach of a legal duty on the part of the defendant.
The policy of boiler and machinery insurance issued by the defendant to the Avoyelles Parish Policy Jury (Tr. 35) contains the following clause:
“ * * * except that the indemnity hereunder shall not apply to any obligation for which the Insured or any company as insurer of the Insured may be liable under any workmen’s compensation, unemployment compensation or disability benefits law, or under any similar law; * *
The plaintiff, in his brief before this court, admits that because of the above exclusionary clause he cannot maintain an action on the policy of insurance per se but argues that the defendant cannot insulate itself from its own separate, independent tortious action. Furthermore, that the defendant negligently breached a duty owed to plaintiff, which breach was the proximate cause or cause in fact of plaintiff’s injuries.
In support of this argument, plaintiff cites the following Revised Statutes :
R.S. 23:531. “The commissioner of labor shall have the exclusive power to investigate and to make and prescribe rules and regulations for the proper construction, installation, repair, use, operation, and safety of boilers in the state, the City of New Orleans excepted, and to issue general or special orders for the enforcement of such rules and regulations as well as any provision of law affecting boilers. The rules and regulations so formulated shall conform as nearly as practicable to the boiler construction code of the American Society of Mechanical Engineers.”
R.S. 23:534(1). “The commissioner of labor shall: (1) Employ and compensate, with the approval of the governor, inspectors and other assistants and employees as he may deem necessary for the exercise of the powers and the performance of the duties prescribed in this Part.” R.S. 23:535. “In addition to the personnel authorized by R.S. 23 :534(1), the commissioner may, upon the request of any company authorized to insure against loss from explosion of boilers in this state, appoint the boiler inspectors of the said company as special inspectors, who shall serve at the pleasure of the commissioner, provided that each such inspector holds a certificate of competency as an inspector of boilers from the National Board of Boiler and Pressure Vessel Inspectors. These special inspectors shall receive no salary from, nor shall any of their expenses be paid by the state. The continuance of a special inspector’s appointment shall be conditioned upon his continuing in the employ of a boiler inspection and insurance company duly authorized as aforesaid, and upon his maintenance of the standards imposed by this Part. These special inspectors shall inspect all boilers insured by their respective companies and the owners or users of such insured boilers shall be exempt from the payment of inspection fees required in R.S. 23:541. Each company employing such special inspectors shall within thirty days following each annual internal inspection made by them, file a report of such inspection with the commissioner upon appropriate forms as promulgated by the American Society of Mechanical Engineers.”
R.S. 23:536. “Each boiler used or proposed to be used, except boilers exempt under R.S. 23:540 shall be thoroughly inspected annually, internally and externally, while not under pressure, as to its construction, installation, conditions, and operation. If at any time a hydrostatic test is deemed necessai’y to determine the safety of a boiler, the test shall be made at the discretion of the commissioner or his representative. No more than fourteen months shall elapse between internal inspections; external inspections while under pressure shall also be made within the same intervals.”
*429 Based on the above statutes, plaintiff contends that defendant owed a duty to inspect and maintain the boiler as this duty has been imposed on the defendant and all other insurance companies writing boiler insurance policies by legislative decree. Plaintiff further contends that once defendant had one of its inspectors recognized by the Commissioner of Labor, then inspection of the boiler became mandatory by operation of the law pursuant to the provisions of R.S. 23 :531 et seq., and if it shall be proven that there was no inspection or an inadequate inspection, then defendant stands as a tortfeasor independent of the exclusionary clause of the insurance contract with the Avoyelles Parish Police Jury.
 We believe that since boilers are dangerous instrumentalities, the Legislature having seen fit to make rigid rules concerning their use, maintenance and operation in order to protect the general public, and plaintiff has alleged in his petitions that defendant's violation of these statutes was a substantial factor contributing to (by failing to prevent) the explosion and subsequent injuries to the plaintiff, the exception of no cause of action should be reversed and the case remanded to the district court for trial on its merits. Under C.C.P. Art. 931, when peremptory exceptions of no right or cause of action are filed, all allegations of the original petitions must be taken as true for the purpose of the exceptions. DiFatta v. Williams, La.App., 176 So.2d 185.
An employee who is entitled to workmen’s compensation benefits may have a valid claim for personal injuries caused to him by the breach of duty of a third party notwithstanding that there was a specific contract between plaintiff’s employer and the third party excluding plaintiff from coverage under a specific insurance policy, if it can be proven that by independent negligence the third party committed a tort against plaintiff.
For the foregoing reasons, the exception of no cause of action sustained by the district court is reversed and this matter is remanded to the district court for trial on the merits.
Reversed and remanded.