BAILES, Judge.
Plaintiff brings this action against the defendant, the coroner of Tangipahoa Parish, Louisiana, to recover damages alleged suffered by her by reason of her confinement in the Southeast Louisiana State Hospital at Mandeville, Louisiana. To the plaintiff’s petition, the defendant filed peremptory exceptions of no cause of action and no right of action. These exceptions were argued and submitted to the trial court on the face of the petition. The trial court determined that the exception of no cause of action was well founded and should be sustained, and accordingly, it sustained the exception and dismissed the plaintiff’s suit at her costs. From this adverse judgment, plaintiff appealed. We find the court a quo correctly adjudged this matter. The judgment appealed from is affirmed.
For a cause of action against the defendant, the plaintiff alleges that on or about May 3, 1966, she was taken into custody by certain deputy sheriffs of Tangipa-hoa Parish, who arrested her under the authority of a purported coroner’s commitment, executed by the defendant, and that she was transported to and placed in the hospital custody of the Superintendent of the Southeast Louisiana State Hospital at Mandeville, Louisiana. She further alleged that she was at no time examined by the defendant or by any other qualified physician prior to her arrest, detention and commitment to said hospital.
*337 Additionally, the plaintiff alleges the legal conclusion that the above recited and alleged acts of the defendant, as coroner of the said parish, violated the defendant’s statutory duty and that her arrest and confinement constituted an actionable offense under the laws of the State of Louisiana, which amounted to a false arrest and false imprisonment. She contends that by reason of the mental pain and anguish, humiliation, shame and embarrassment she suffered, she has been damaged in the amount of $25,000.
As a premise for the disposition of this appeal we believe it would be helpful to state that there are two statutes in existence in this State which gives coroners direction in the commitment of persons to mental institutions. These statutes are LSA-R.S. 28:52 et seq., and LSA-R.S. 33:1555. Under the provisions of LSA-R. S. 28:52 et seq., the actual commitment of the subject person is under an order of the district judge after the accomplishment of certain procedural requirement as detailed in the cited sections of the revised statutes. Even under the provisions of the coroner’s commitment on order of the district court, the coroner is authorized to and may retain the patient by confining him in any state hospital or parish jail or private mental hospital for a period not to exceed thirty days or until he is actually committed or ordered released by the district court.
As there is no allegation in the plaintiff’s petition that her confinement and detention was sought or purported to have been confected under an order of the district court, we must presume that the defendant coroner, if he was proceeding under the authority conferred upon him by LSA-R.S. 28:52 et seq., had not proceeded to such stage in the commitment for the matter to have been presented to the judge of the judicial district court from which she was sought to be committed.
LSA-R.S. 28:52, in part, provides:
“Any near relative, or in the absence of relatives, a near friend, curator, or other responsible person shall apply to the coroner to have a patient committed to an institution.
“The application shall be in writing on the form prescribed by the department and shall give the name, sex, and residence of the patient, the reason why institutional care is needed, and any other information the department deems necessary. * * * The examination of the patient shall be held at a place not likely to have a harmful effect upon his condition. After complying with the above provisions the application for commitment shall be presented to the judge of the judicial district court or the civil district court for the parish from which the patient is to be committed, for his approval or disapproval. * *
§ 52.1 provides:
“For the purpose of complying with R.S. 28:52 the coroner is hereby authorized and directed to detain the patient by confining him in any state hospital or parish jail or private mental hospital for a period not to exceed thirty days or until he is committed to a state or private hospital for the mentally ill or his release is ordered. The superintendent of any and all state hospitals is hereby directed to receive such patients for detention as herein set forth.”
Under the provisions of LSA-R.S. 33:1555, the parish coroner is authorized to proceed under the following provisions:
§ 1555:
“Upon the representation and written application of a near relative, or in the absence of relatives, a near friend, curator, or other responsible citizen, or upon a directive from the judge of a municipal court, or a justice of the peace, that any person is mentally ill, mentally defective, inebriate, addict, epileptic, or psychopathic, and is in need of observation or care in a mental hospital, such person may be ordered apprehended and detained by the coroner for a reasonable *338 length of time for examination and observation, or may be confined by the coroner in a mental hospital or jail for examination, observation, care and treatment, for the accused person’s own good and for the peace and safety of the community. * * (Emphasis supplied.)
In the absence of an allegation that no written application was made to the coroner by any of the persons named in R.S. 28:52 or R.S. 33:1555, and for the purpose of considering the exceptions filed herein by defendant, we must assume that the requisite written application was made for the commitment of the plaintiff to a mental institution.
Our appreciation of the allegations of the plaintiff’s petition, from the briefs filed by the plaintiff and from her counsel’s oral argument, the gravamen of her complaint is that she was detained in the hospital without having been first examined by the coroner. Article 3 of her petition is couched in the following language :
“That at no time, was your plaintiff herein, Lillian W. Burns, examined, or had her person examined, by the defendant herein, Dr. Charles R. Genovese, the coroner of Tangipahoa Parish, nor by any other qualified physician, residing in said Parish, or in the State of Louisiana, prior to her arrest, detention and commitment to said hospital, all in violation of the specific laws and statutes of the State of Louisiana, relative to commitment of a person, by the coroner, to a mental institution.”
We find that under the provisions of R.S. 28:52.1 and/or under the provisions of R.S. 33:1555, the coroner may detain or confine any person to any state hospital or mental institution prior to an examination to determine such person’s mental condition.
Within the framework of the plaintiff’s petition, we find no allegation of fact which supports any wrongdoing of the coroner in detaining or confining the plaintiff to the hospital as alleged, or furthermore that will sustain an award of damages as sought by this plaintiff.
In addition to our finding that the allegations of the plaintiff’s petition alleges no actionable wrongdoing of the coroner under the provisions of the statutes quoted above, we find that R.S. 28:52 and R.S 33:1555 contain the following identical provision:
“* * * Any detentions, confinements or commitments made by the coroner under the above recited circumstances are hereby declared to be administrative acts attached to the functions of his office as required by law and for which acts he is specifically granted personal immunity, but not relieved of his official responsibility in his capacity as coroner.” (Emphasis supplied.)
The plaintiff relies heavily on the holding of the court in the case of O’Rourke v. O’Rourke (1955) 227 La. 262, 79 So.2d 87, to sustain a reversal herein. We find that the holding of the court in this O’Rourke case is not apropos to the facts nor disposi-tive of the instant case. This cited case has no application to the instant case for the reason the law directing the procedure which the coroner may follow has been materially changed. The defendant coroner has followed the appropriate statutes, as amended.
Under our finding, as stated above, and further, in view of the personal immunity specifically granted to the coroner in such cases, we find no error in the holding of the trial court which sustained the exception of no cause of action filed by the defendant.
For the foregoing reasons, the judgment appealed from is affirmed, at appellant’s cost.
Affirmed.