I join in the reasons assigned by Mr. Justice Barham.

SANDERS, SUMMERS and BARHAM, JJ., dissent from the refusal of a rehearing.

223 So.2d 160

**Lillian W. BURNS**

v.

**Dr. Charles R. GENOVESE.**

No. 49440.

May 5, 1969.

Rehearing Denied June 9, 1969.

Robert S. Cooper, Jr., Baton Rouge, for plaintiff-applicant.

Ralph L. Kaskell, Jr., of Deutsch, Kerrigan & Stiles, New Orleans, for defendant-respondent.

HAMLIN, Justice:

In the exercise of our supervisory jurisdiction, we directed certiorari to the Court of Appeal, First Circuit, for review of its judgment which affirmed the judgment of the trial court dismissing plaintiff's suit and sustaining the peremptory exception of no cause of action filed by defendant. Art. VII, Sec. 11, La.Const. of 1921; 211 So. 2d 336; 252 La. 885, 214 So.2d 715.

Suit was filed by Lillian W. Burns for damages in the sum of $25,000.00 allegedly suffered from mental pain and anguish, humiliation, shame and embarrassment caused by her alleged illegal commitment to the Southeast Louisiana State Hospital, Mandeville, Louisiana. The pertinent allegations of her petition recite:

"1.

"That the defendant herein, Dr. Charles R. Genovese, was, at all times mentioned herein, the duly elected and qualified coroner of the Parish of Tangipahoa, State of Louisiana.

"2.

"That on or about May 3, 1966, your plaintiff herein, Lillian W. Burns, was taken into custody by certain deputy sheriffs of the Parish of Tangipahoa, *who*

*arrested your petitioner under the authority of a purported coroner's commitment,* executed by the defendant herein, Dr. Charles R. Genovese, and your plaintiff was transported, against her will, and placed in hospital custody of the Superintendent of the Southeast Louisiana State Hospital, at Mandeville, Louisiana. [Emphasis ours.]

"3.

*"That at no time, was your plaintiff herein, Lillian W. Burns, examined, or had her person examined, by the defendant herein, Dr. Charles R. Genovese, the coroner of Tangipahoa Parish, nor by any other qualified physician, residing in said Parish, or in the State of Louisiana,* prior to her arrest, detention and *commitment* to said hospital, all in violation of the specific laws and statutes of the State of Louisiana, relative to commitment of a person, by the coroner, to a mental institution. [Emphasis ours.]

"4.

"That the aforesaid acts of the defendant, Dr. Charles R. Genovese, in failing to examine your petitioner herein, or have her examined by any other duly qualified physician residing in the Parish of Tangipahoa, or in the State of Louisiana, was in violation of the defendant's statutory duty, and her subsequent arrest and confinement constitute an actionable offense under the laws of the State of

Louisiana, more specifically being a false arrest and false imprisonment.

"5.

"As a direct and proximate result of the aforesaid wrongful acts of the defendant, Dr. Charles R. Genovese, your petitioner was caused to suffer great mental pain and anguish, humiliation, shame and embarrassment, from that time, until the present, and she will continue to suffer same in the future; your petitioner shows that she has lost, and will continue to lose, in the future, her standing in the community by reason of having been greatly humiliated and held up to public scorn and derision, as a result of the foregoing wrongful acts of defendant, Dr. Charles R. Genovese, all of which have caused your petitioner to suffer substantial damages.

"6.

"*  *  *

"*  *  * that there be judgment herein in favor of your petitioner, Lillian W. Burns, and against the defendant, Dr. Charles R. Genovese, in the full and true sum of TWENTY-FIVE THOUSAND AND NO/100 ($25,000.00) DOLLARS, together with legal interest  *  *  *"

The above petition prays for a personal judgment against Dr. Charles R. Genovese, Coroner of Tangipahoa Parish.

Defendant filed a peremptory exception of no cause of action and no right of action or interest in plaintiff to institute the present suit. He claimed absolute immunity as an alleged judicial officer under the Constitution of Louisiana, Art. VII, Secs. 70, 71 and 72. In view of the absence in plaintiff's petition of any allegation of lack of good faith or of malice, defendant plead qualified or conditional immunity. He averred that plaintiff had no right of action in that she was barred by statute from suing him personally, her only remedy being to compel "official" action on his part. He concluded by praying for dismissal of plaintiff's suit.

As stated supra, the trial court sustained the exception of no cause of action; it did not render written reasons.

The Court of Appeal stated:

"In the absence of an allegation that no written application was made to the coroner by any of the persons named in R.S. 28:52 or R.S. 33:1555, and for the purpose of considering the exceptions filed herein by defendant, we must *assume* that the requisite written application was made for the commitment of the plaintiff to a mental institution. [Emphasis ours.]

"Our appreciation of the allegations of the plaintiff's petition, from the briefs filed by the plaintiff and from her counsel's oral argument, the gravamen of her complaint is that she was detained

in the hospital without having been first examined by the coroner. * * *

" * * *

"We find that under the provisions of R.S. 28:52.1 and/or under the provisions of R.S. 33:1555, the coroner may detain or confine any person to any state hospital or mental institution prior to an examination to determine such person's mental condition.

"Within the framework of the plaintiff's petition, we find no allegation of fact which supports any wrongdoing of the coroner in detaining or confining the plaintiff to the hospital as alleged, or furthermore that will sustain an award of damages as sought by this plaintiff.

" * * *

"Under our finding, as stated above, and further, in view of the personal immunity specifically granted to the coroner in such cases, we find no error in the holding of the trial court which sustained the exception of no cause of action filed by the defendant."

Plaintiff assigns the following errors to the judgment of the Court of Appeal:

"1. The Court of Appeal erred in sustaining the exception of no cause or right of action filed by the defendant by assuming a state of facts contrary to the facts specifically alleged in plaintiff's petition, and then applying the provisions of LSA–R.S. 33:1555 to those facts.

"2. The Court of Appeal erred in sustaining the exception of no cause or right of action filed by the defendant by holding that the Coroner was immune from a suit of this type under the provisions of LSA–R.S. 28:52."

LSA–R.S. 33:1555 provides:

"Grounds for confinement of patient

"Upon the representation and written application of a near relative, or in the absence of relatives, a near friend, curator, or other responsible citizen, or upon a directive from the judge of a municipal court, or a justice of the peace, that any person is mentally ill, mentally defective, inebriate, addict, epileptic, or psychopathic, and is in need of observation or care in a mental hospital, such person may be ordered apprehended and detained by the coroner for a reasonable length of time for examination and observation, or may be confined by the coroner in a mental hospital or jail for examination, observation, care and treatment, for the accused person's own good and for the peace and safety of the community. Any detentions, confinements or commitments made by the coroner under the above recited circumstances are hereby declared to be administrative acts attached to the functions of his office as required by law and for which acts he is specifical-

ly granted personal immunity, but not relieved of his official responsibility in his capacity as coroner."

LSA–R.S. 28:52 provides:

"Coroner's commitment

"Any near relative, or in the absence of relatives, a near friend, curator, or other responsible person shall apply to the coroner to have a patient committed to an institution.

"The application shall be in writing on the form prescribed by the department and shall give the name, sex, and residence of the patient, the reason why institutional care is needed, and any other information the department deems necessary. It shall be accompanied by a certificate of the coroner and one other qualified physician stating that they have examined the patient within three days of the application and that he is in need of observation or care in an institution. The certificate shall state the facts and sources of information and personal observations upon which opinion is based. The coroner and the physician shall certify that they are not related by blood or marriage to the patient or to the applicant and that they are not connected, except in a professional capacity, with the institution to which the patient is to be committed. The examination of the patient

shall be held at a place not likely to have a harmful effect upon his condition. After complying with the above provisions the application for commitment shall be presented to the judge of the judicial district court or the civil district court for the parish from which the patient is to be committed, for his approval or disapproval. The application for commitment can be acted upon by the judge in open court or in chambers, in term time or in vacation, without the necessity formally docketing and allotting said application.

"The superintendent may admit the patient to the institution within fourteen days of the examination by the coroner and the physician.

"After fourteen days the certificate of examination of the coroner and the physician is invalid.

"Any detentions, confinements or commitments made by the coroner under the above recited circumstances are hereby declared to be administrative acts attached to the functions of his office as required by law and for which acts he is specifically granted personal immunity, but not relieved of his official responsibility in his capacity as coroner."

LSA–R.S. 28:52.1 (Act 701 of 1954) provided:[1]

1. In 1966, LSA–R.S. 28:52.1 was amended to recite: "Detention—For the purpose of complying with R.S. 28:52 the coroner is hereby authorized and direct-

"Detention

"For the purpose of complying with Section 52 the coroner is hereby authorized and directed to detain the patient by confining him in any State Hospital or parish jail for a period not to exceed thirty days or until he is committed to a state hospital for the mentally ill or his release is ordered. The superintendent of any and all state hospitals is hereby directed to receive such patients for detention as herein set forth."

■ After having considered the pleadings herein, pertinent statutes supra, arguments, and briefs filed herein, we find, differently from the Court of Appeal, that the allegations of plaintiff's petition, although vague, are to the effect that she was *illegally committed* to the Southeast Louisiana State Hospital, Mandeville, Louisiana, and that such *commitment* was not in compliance with LSA–R.S. 28:52, supra. Plaintiff's counsel stressed in argument that plaintiff was transported to the hospital under a Coroner's Commitment.

We do not find that plaintiff's allegations are to the effect that she was detained at the hospital for examination. LSA–R.S. 28:52.1.

■ We do not find in defendant's peremptory exception a denial that plaintiff was taken to the hospital under a Coroner's Commitment.[2] It is legend that, "For purposes of the exception [exception of no right or cause of action] all well pleaded facts in the petition must be taken as true. If the petition sets forth a right and a cause of action in any respect, the exception must be overruled." Harwood Oil & Mining Company v. Black, 240 La. 641, 124 So.2d 764. See, Loeb v. Badalamenti, La.App., 192 So.2d 246; Marcotte v. Ocean Accident & Guaranty Corporation, La.App., 189 So.2d 426; Bourgeois v. Ducos, La.App., 182 So.2d 539. Cf. LSA–C.C.P. Art. 931.

■ Articles 865 and 5051, LSA–C.C.P., do not favor technical objections and harsh rules of pleadings; the jurisprudence of

ed to detain the patient by confining him in any state hospital or parish jail or private mental hospital for a period not to exceed thirty days or until he is committed to a state or private hospital for the mentally ill or his release is ordered. The superintendent of any and all state hospitals is hereby directed to receive such patients for detention as herein set forth."

2. In his exception defendant alleged: "The determination by Coroner Genovese as to the amount of investigation

necessary before issuing a certificate of commitment was really a judicial function, for which he cannot be held liable in damages, 'even though it be alleged that he acted corruptly and maliciously.' Gillikin vs United States Fidelity and Guaranty Company, [254 N.C. 247] 118 S.E.2d 606, 608 (Supreme Court N.C. —1961). The United States Court of Appeals for the Fifth Circuit has recognized the doctrine of judicial immunity. Pierson vs Ray, 352 F.2d 213, 217 (C.A. 5–1965)."

this State during the last quarter century has been in accord with this philosophy.[3]

"Article 865 of the Louisiana Code of Civil Procedure provides that 'Every pleading shall be so construed as to do substantial justice.' And, Article 5051 provides that 'rules of procedure implement the substantive law and are not an end in themselves.' The modern trend is toward the liberal construction of pleadings so that the ends of justice may be served, rather than technical niceties. Harsh rules of pleading are not favored, and each pleading must be reasonably construed so as to afford the litigant his day in court and to do justice. Succession of Smith, 247 La. 921, 175 So.2d 269 (1965); Capuder v. Misko, 177 So.2d 592 (La.App.3d Cir. 1965)." Hollier v. Fontenot, La.App., 199 So.2d 600, 251 La. 30, 202 So.2d 650.

We feel that, in view of the record herein, the dismissal of this suit would not be in the interest of justice. Under the circumstances and conditions of plaintiff's pleadings, we are constrained to conclude that the Court of Appeal erred when it maintained the exception of no cause of action.

For the reasons assigned, the judgment of the Court of Appeal, First Circuit, which affirmed the judgment of the trial court sustaining the peremptory exception of no cause of action filed by defendant and dismissing plaintiff's suit, is reversed and set aside; the exception of no cause of action is overruled; the case is remanded to the district court for further proceedings in accordance with law and the views herein expressed. Costs to await the final determination of this cause.

HAMITER, J., concurs in the decree.

SANDERS, J., dissents, being of the opinion the judgment of the Court of Appeal is correct.

SUMMERS, J., dissents.

BARHAM, Justice (dissenting).

R.S. 33:1555 (Act 151 of 1952, Section 2), which is found under the title "Municipalities and Parishes" and in the particular part of that title setting forth the duties and responsibilities of coroners, assigns to the coroner the detention, confinement, and commitment of the mentally ill and others. This statute declares these acts to be administrative, and that the coroner is " * * specifically granted *personal immunity,* but not relieved of his official responsibility in his capacity as coroner". R.S. 28:52 and 28:52.1 (Section 1 of Act 152 of 1952 and Section 1 of Act 701 of 1954),

---

3. The author of this opinion concurred in the granting of this writ, stating: "I concur in the granting of this application for the reasons set forth in West's LSA Code of Civil Procedure, Vol. 1, Report of La.Law Institute, at pp. XII and XIII, 'Revision Policies.' See also CCP Art. 5051."

under the title "Mental Health", provide the method of making a "coroner's commitment". These provisions also declare that detentions, confinements, and commitments so made are administrative acts for which the coroner is " * * * specifically granted *personal immunity,* but not relieved of his official responsibility in his capacity as coroner". (Emphasis supplied.)

O'Rourke v. O'Rourke, 227 La. 262, 79 So.2d 87 (1955), involving a 1946 commitment, was decided under earlier law, and there was no statutory provision in our law then giving *personal immunity* to the coroner. That case is therefore not dispositive of this matter.

Some have argued that the law does not mean to relieve the coroner if he acts negligently or erroneously. I answer: "Why would he need immunity for acts rightfully and prudently performed?"

I find that the law specifically gives to the coroner personal immunity from civil suits for damages for the acts he performs or omits to perform in a "coroner's commitment", though he may be responsible by removal and is otherwise officially accountable for errors in performing these duties.

Finally, I do not believe the petition states a cause of action, and would affirm.

I respectfully dissent.

SANDERS, SUMMERS and BARHAM, JJ., are of the opinion that a rehearing should be granted.