LANDRY, Judge.
Plaintiff appeals from a summary judgment of the lower court rejecting his claim against defendant in his capacity of Coroner, Tangipahoa Parish, for false arrest and imprisonment arising from an alleged improper commitment to a mental institution. We reverse the judgment of the trial court on finding defendant’s motion for summary judgment of dismissal was improperly sustained.
The salient question for decision is one of law, namely, defendant’s asserted legislative immunity from suit in his official capacity as Coroner.
The undisputed facts are as follows: On or about December 16, 1965, plaintiff’s wife, Stella Cooper Delatte, made application to defendant in his official capacity as Coroner, to commit plaintiff to East Louisiana State Hospital, Jackson, Louisiana, a state institution for the mentally ill. Pursuant thereto, defendant Coroner executed a “certificate of Coroner and Physician” certifying that defendant had observed and examined plaintiff and based thereon, defendant attested plaintiff’s need of commitment to an institution for treatment of the mentally ill. The order for plaintiff’s commitment was executed by the Judge of the District Court on December 16, 1965. That same day, plaintiff was taken into custody at his home by deputies of the Sheriff of Tangipahoa Parish and confined to the parish jail, Amite, Louisiana. Plaintiff remained thusly incarcerated until December 21, 1965, on which date he was committed to East Louisiana State Hospital, Jackson, Louisiana, an institution for treatment of the mentally ill. Plaintiff was kept at the institution, against his will, until March 3, 1966.
Defendant attached an affidavit to his motion for summary judgment of dismissal of plaintiff’s petition, admitting defendant executed the “certificate of Coroner and Physician” without having either seen or examined plaintiff. In his motion for summary judgment, defendant contended that notwithstanding his failure to observe or examine plaintiff, defendant was immune from suit. Defendant asserted the judicial immunity conferred by Louisiana Constitution Art. VII, Secs. 70, 71 and 72, and the qualified personal immunity provided pursuant to LSA-R.S. 33 .T555 and LSA-R.S. 28:52.
The trial court’s judgment in favor of defendant was rendered June 17, and signed June 21, 1968. It appears the ruling herein appealed was predicated on the opinion of this court in Burns v. Genovese, 211 So.2d 336, rendered May 27, 1968.
We find, however, the opinion of the Supreme Court in Burns v. Genovese, 254 La. 237, 223 So.2d 160, handed down May 5, 1969, reversing the decision of this Court in Burns v. Genovese, above, is dis-positive of this matter.
Burns, above, was an action for damages for alleged illegal commitment of the plaintiff to a mental institution. Defendant therein was Dr. Charles R. Genovese, Coroner, Tangipahoa Parish. Plaintiff’s petition alleged plaintiff’s commitment without prior observation and examination by defendant coroner as required by law. In Burns, defendant asserted absolute immunity under La.Const. Art. VII, Secs. 70, 71 and 72, and also claimed qualified or conditional immunity. Also in Burns, defendant’s exception of no right of action was based on the alleged failure of plaintiff to aver an “illegal commitment”. The Supreme Court, in Burns, considered the allegations of the petition in their entirety and concluded that, though somewhat vague, were to the effect plaintiff’s commitment was illegal.
Although the Supreme Court did not discuss the defense of immunity asserted in Burns, other than to mention the defenses *254 of judicial and personal immunity were pleaded, the result reached in Burns leads to the inevitable conclusion the immunities were held without application where the petition alleges an illegal commitment. This would appear to accord with those provisions of LSA-R.S. 33:1555 and LSA-R.S. 28:52, which both partly provide in identical language as follows:
“Any detentions, confinements or commitments made by the coroner under the above recited circumstances are hereby declared to be administrative acts attached to the functions of his office as required by law and for which acts he is specifically granted personal immunity, but not relieved of his official responsibility in his capacity as coroner.” (Emphasis supplied by the court.)
We are aware LSA-R.S. 33:1555 and 28:52.1 authorize coroners to detain persons in a parish jail or State Hospital for a maximum of thirty days pending commitment, seemingly without prior observation or examination. Assuming, without so deciding, this is the meaning and intent of LSA-R.S. 28:52.1, it does not grant defendant herein immunity. Plaintiff was not detained pursuant to 28:52.1, above; he was committed in conformity with LSA-R.S. 28:52 and 33:1555.
The instant case is indistinguishable from Burns v. Genovese, above. In each matter commitment to a mental institution was made without either observation or examination by the Coroner, a practice clearly proscribed by the Supreme Court. In the former, the dereliction in question was established by virtue of the procedural rule that all well pleaded allegations are deemed true for purposes of an exception of no cause of action. In the case at hand, the admission appears from defendant’s own affidavit appended to his motion for summary judgment. The legal effect is the same.
The judgment of the trial court granting defendant’s motion for summary judgment is reversed and set aside and this matter remanded to the trial court for further proceedings. All costs of this present appeal to be paid by defendant, Dr. Charles R. Genovese.
Reversed and remanded.