316 So.2d 12 (1975)
INNOVATIVE DATA SYSTEMS OF LOUISIANA, INC.
v.
Dr. Allen J. ELLENDER, Jr., as the Surviving Son, etc.
No. 10313.
Court of Appeal of Louisiana, First Circuit.
June 30, 1975.
*13 Paul R. Mayer, Shreveport, for appellant.
Elward Wright and Frank W. Wurzlow, Jr., George Arceneaux, Jr., Houma, for appellee.
Before LANDRY, BLANCHE and YELVERTON, JJ.
YELVERTON, Judge.
Innovative Data Systems of Louisiana, Inc. (IDS) filed this suit against Dr. Allen J. Ellender, Jr., the Senator Ellender Campaign Committee, and the individual members of the Committee, Elward Wright, Frank W. Wurzlow, Jr., and George Arceneaux, Jr., for an alleged money balance due for services rendered. Dr. Ellender and the Senator Ellender Campaign Committee and its individual members filed exceptions of no right or cause of action. Elward Wright filed an exception of no cause of action. The exception filed by Dr. Ellender was overruled. The remaining exceptions were maintained. From the ruling of the trial court maintaining these exceptions as to the Campaign Committee and its individual members, and Elward Wright, the plaintiff appealed. We reverse.
It is alleged in the petition that, based on a contract dated May 19, 1972, between IDS and Senator Allen J. Ellender, IDS performed certain computer and consulting services in connection with the late Senator's campaign for re-election to the United States Senate. Senator Ellender died on July 27, 1972, prior to the election. Failing in its efforts to collect the alleged balance due on the contract from the defendants after Senator Ellender's death, plaintiff resorted to this suit.
Attached to the original petition and made a part of it is the contract, the opening paragraph of which reads: "This is a contract for computer services between Innovative Data Systems of Louisiana, Inc. (IDS) and Senator Allen J. Ellender." It concludes with the signature of the defendant, Elward Wright, on a line under which is typed "Ellender Campaign Committee Finance Chairman". The contract also bears the signature of Charles E. Roemer, III, President, IDS.
The petition, as amended, states that Dr. Allen J. Ellender, Jr., as the sole heir of the late Senator Ellender, is liable for the debts contracted by his father. In the alternative, plaintiff contends that the Senator Ellender Campaign Committee and its individual members, particularly Elward Wright, are liable because they each personally authorized the services and agreed to pay for them. Our interest in the pleadings is limited to a determination of whether there are alternative allegations sufficient to state a right and cause of action against the Senator Ellender Campaign Committee and its individual members, and particularly a cause of action against Elward Wright, individually.
In making this determination, we are governed by certain well established principles of law. An exception of no cause of action addresses itself to the legal sufficiency of the plaintiff's petition and *14 exhibits attached thereto, and it is therefore triable on the face of the papers. Catalanotto v. Associates Discount, 207 So.2d 180 (La.App. 1 Cir. 1968). An exception of no cause of action concedes for the purposes of its trial the correctness of the well-pleaded allegations of fact and tenders issue that on the face of the petition no case is presented entitling the mover, in law, to the redress sought. It is the sufficiency in law of the petition or motion which is put at issue by the exception. For purposes of the exception of no cause of action, all well-pleaded facts in a petition must be taken as true, and if the petition sets forth a cause of action in any respect, the exception must be overruled. Burns v. Genovese, 254 La. 237, 223 So.2d 160 (1969); Louisiana State Board of Medical Examiners v. England, 252 La. 1000, 215 So.2d 640 (1968). If a petition states a cause of action as to any ground or portion of the demand, the exception of no cause of action must be overruled. Louisiana and Arkansas Railway Company et al. v. Goslin, 258 La. 530, 246 So.2d 852 (1971). Technical objections and harsh rules of pleading are not favored. Pleadings are to be liberally construed to yield as little as possible to technicality in order that the ends of justice may be served. Burns v. Genovese, supra; Lewis Machine and Welding Service, Inc. v. Amite Ready Mix Company et al., 148 So.2d 869 (La.App. 1 Cir. 1963). In a case such as this, it is permissible that a petition may set forth two or more causes of action in the alternative, even though the legal or factual bases thereof may be inconsistent or mutually exclusive. Louisiana Code of Civil Procedure Article 892.
No contention is made in argument or brief that plaintiff's petition fails to state a right of action; hence, we move directly to a consideration of whether or not plaintiff has stated a cause of action as to these defendants.
The basis for liability of these defendants is set forth in two paragraphs of the petition and amending petition:
"In the alternative, if the Court should conclude that Dr. Allen J. Ellender, Jr., is not liable to plaintiff for the sums claimed herein, then in that event, plaintiff shows that the Senator Ellender Campaign Committee and the individual members thereof, Elward Wright, Frank J. Wurzlow, Jr. and George Arceneaux, Jr., are liable to them jointly and in solido and in the further alternative, if the Court should conclude that the Committee and the members thereof are not liable to plaintiff for the sums claimed, then in that event, plaintiff shows that Mr. Elward Wright, having participated in the negotiation of the contract and having executed it on behalf of Senator Ellender, or on behalf of the Senator Ellender Campaign Committee, is personally liable for the sums claimed as an agent who has exceeded his authority.
* * * * * *
"In the alternative, plaintiff shows that the Senator Ellender Campaign Committee and the individual members thereof, either personally or through their agents and representatives, authorized the services rendered and the expenses incurred by plaintiff and agreed to pay for said services, expenses, materials and supplies, all in accordance with the contract of May 19, 1972."
Written reasons were not handed down but we can reasonably assume that the trial court reached its decision to maintain the exceptions upon the basis of the mandate articles of the Louisiana Civil Code, for it is the law of mandate (agency) that appellees vigorously contend shields them from responsibility. The appellees contend that the petition affirmatively establishes that they are mandataries (agents). They say their responsibilities to those with whom they contract as mandataries are thus governed by Louisiana Civil Code Articles 3012 and 3013.
3012. "The mandatary, who has communicated his authority to a person with whom he contracts in that capacity, is *15 not answerable to the latter for anything done beyond it, unless he has entered into a personal guarantee."
3013: "The mandatary is responsible to those with whom he contracts, only when he has bound himself personally, or when he has exceeded his authority, without having exhibited his powers."
Appellees ask us to believe that the paragraph of the petition first quoted above is the only place containing any allegation tending to express a cause of action under these articles. That paragraph alleges that Elward Wright was "an agent who has exceeded his authority", but appellees ask us to note that even that allegation is not made as to the committee and the other two individual members, and that not even Elward Wright is alleged to have exceeded his authority "without having exhibited his powers". It is urged that the allegation "without having exhibited his powers" is essential to state a cause of action. As conclusive support of their interpretation of the effect of these Code articles on the petition, appellees ask us to accept and apply the case of Interim Television Corporation v. Cappel, 94 So.2d 539 (La.App. 2 Cir. 1957) as directly dispositive of the issues.
We distinguish that case. True, it involved a very similar fact situation. The plaintiff sued both the principal and the agent under an advertising contract signed by the agent on behalf of the principal. Attempting to hold the agent, the plaintiff made an alternative allegation that the agent had no authority to act. An exception of no cause of action was maintained because there was no allegation that the defendant agent exceeded his authority "without having exhibited his powers". It obviously impressed the court that besides there being no allegation that the agent failed to exhibit his powers, the petition affirmatively established that he did in fact exhibit his powers. The court noted that the plaintiff alleged it had investigated the powers of the agent on its own accord and determined that the agent was vested with authority and then had acted upon that determination. In this respect Interim is like the instant proceedings because the plaintiff here sufficiently alleges its knowledge and alleges the powers of the mandataries so as to establish affirmatively that the mandataries did in fact exhibit their powers. The difference is, in Interim the plaintiff relied exclusively upon the allegation that the agent had exceeded his authority without having exhibited his powers, as the sole basis for liability of the agent. Plaintiff made no allegation that the agent bound himself personally.
Articles 3012 and 3013 limit the responsibility of the mandatary to those with whom he contracts to two situations: (1)when he has bound himself personally, or (2) when he has exceeded his authority without having exhibited his powers. In Interim the exception was maintained because plaintiff did not allege either of these bases for the agent's responsibility. The court specifically noted that plaintiff's petition nowhere alleged that the agent personally bound himself for payment of the obligation.
A cause of action here is alternatively expressed in the paragraph of the amending petition which we quote again:
"In the alternative, plaintiff shows that the Senator Ellender Campaign Committee and the individual members thereof, either personally or through their agents and representatives, authorized the services rendered and the expenses incurred by plaintiff and agreed to pay for said services, expenses, materials and supplies, all in accordance with the contract of May 19, 1972."
This paragraph sufficiently states a cause of action against the committee and the individual members, when tested by the plain language of Civil Code Article 3013, which makes a mandatary responsible to those with whom he contracts when he has bound himself personally.
*16 Guided by the principles of law governing the trial of an exception of no cause of action, we conclude that plaintiff has stated a cause of action against these defendants, since there is the alternative allegation that they bound themselves personally. For these reasons, the ruling of the trial court maintaining these exceptions is reversed; the exceptions are overruled; the case is remanded to the district court for further proceedings.
Reversed and remanded.