367 So.2d 1326 (1979)
Mrs. Virginia C. WEBER
v.
Mrs. Gladys P. MATHEWS et al.
No. 9828.
Court of Appeal of Louisiana, Fourth Circuit.
February 6, 1979.
*1327 Marianne N. Koorie, New Orleans, for plaintiff-appellant.
Graffagnino, Perez & Roberts, Donald G. Perez, Kendall R. Moses, Metairie, for defendant-appellee.
Before REDMANN, STOULIG and BEER, JJ.
BEER, Judge.
On May 3, 1977, appellant Weber purchased a residence at 456 Glendale Drive in Metairie from appellee Mathews. On March 1, 1978, Weber filed a petition in quanti minoris for reduction of the purchase price, alleging, inter alia:

"IV.
A few days after taking possession of the premises, petitioner began to smell gas around the sides and back of the house; that an inspection of the underground pipes revealed the gas lines and water pipes were so decayed and leaking that they had to be replaced; that the pipes were in such an advanced degree of decay upon being replaced that they must have been rotten prior to the act of sale.

VII.
Petitioner avers that the defendants knew that the pipes were rotten and decayed at the time they sold the residence to petitioner, and, therefore, in addition to a reduction of the purchase price, defendants are liable in damages to petitioner for reasonable attorney's fees of $750.00, costs and penalties allowed under the law, in addition to the costs of replacing the rotten and decayed gas and water pipes." (Emphasis ours.)
Appellee filed a peremptory exception of no cause of action on the grounds that 1) the petition acknowledges that the alleged defect was not in existence at the time of the sale, and 2) deterioration through age is not a redhibitory vice where no express warranty was made with regard to the gas lines and water pipes.
*1328 The trial court maintained the exception and dismissed the suit without written reasons. Weber devolutively appeals. We reverse.
In considering appellee's exception, all well-pleaded allegations of the petition are accepted as proven. Caronna v. La. Dept. of Highways, 208 So.2d 430 (La.App. 1968), writ ref. 252 La. 165, 210 So.2d 52. Burns v. Genovese, 254 La. 237, 223 So.2d 160 (1969). Ducote v. City of New Orleans, 176 So.2d 198 (La.App.1965). DiFatta v. Williams, 176 So.2d 185 (La.App.1965).
If the judgment of the district court was based on appellee's first contention, then the judgment is erroneous in view of the clear wording of Paragraphs IV and VII of the petition. If, on the other hand, the exception was sustained on the ground that deterioration through age is not a redhibitory vice upon which an action for reduction in price can be based, we again look to the allegations of the petition above quoted and take note of the affirmative assertion that the underground gas and water pipes were rotten and leakingnot merely in an old and worn condition. A leaking gas or water pipe may, if proven, be a defect sufficient to entitle purchaser to demand a reduction of price. See Hunter v. Wilson, 355 So.2d 39 (La.App. 3rd Cir. 1978). Also note Rodriguez v. Hudson, 79 So.2d 578 (La.App. Orl. Cir. 1955).
Finally, we are in full accord with and adopt the following excerpt from the brief of appellant's able counsel:
"To be distinguished are cases such as Goldberg v. Oliver, 212 So.2d 277 (La. App. 3rd Cir. 1968) where the roof in question was merely old and worn but was not leaking at the time of purchase. The old and worn roof did not leak and was not defective and therefore not within the purview of the Civil Code articles or redhibitory vices.
But in the case before the Court, the gas and water pipes were leaking, and were defective within the purview of the Civil Code articles on redhibition. The law is well settled that in an action for redhibition a petitioner need only prove the defect and not the cause thereof. Edelman Systems, Inc. v. Capital GMC, 345 So.2d 99 (La.App. 1st Cir. 1977). The cause of the defect is therefore immaterial and could not support a peremptory exception of no cause of action.
Even though the same warranties of fitness may not apply to old and new alike, the thing sold must still be fit for its intended purpose; if not, an action in redhibition will be maintained. Guillory v. Morein Motor Company, Inc., 322 So.2d 375 (La.App. 3rd Cir. 1975). Furthermore, under Louisiana Redhibition Law, the seller is bound by an implied warranty that the thing sold is free of hidden defects and reasonably fit for its intended use. Hob's Refrigeration & Air Conditioning, Inc. v. Roch [Poche], 304 So.2d 326 ([La.]1974); Rey v. Cuccia, 298 So.2d 840, ([La.]1974)."
Weber may, indeed, have difficulty in proving her allegations, particularly in view of the burden imposed by La.C.C. Article 2530. Even so, she is, on the pleadings, entitled to her day in court.
The judgment of the district court is reversed. The exception is overruled and the case is remanded for trial on the merits. Cost of this appeal is to be paid by appellee.
REVERSED AND REMANDED.