KLIEBERT, Judge.
The plaintiff-appellant, Sharon Ann La-combe, amended her original suit for damages against Deputy Sheriff Roy Todd, the Parish of Jefferson, the Jefferson Parish Sheriff’s Office, and Sheriff Harry Lee, to include as a named defendant the Jefferson Parish Coroner’s Office. The present coroner, Dr. Robert Treuting, responded with an exception of no cause of action. The exception was grounded in the contention the coroner personally, and his office, were immune from liability for the cause of action alleged in the petition because the acts complained of were performed as a function of the office, in the manner of and in compliance with the requirements of a legislative enactment. The trial judge maintained the exception and the plaintiff brought this appeal. We amend and as amended, affirm.
Plaintiff’s petition alleged that on August 10, 1987 at about 8:00 P.M. she was arrested by the Sheriff’s Office under an order issued by the Jefferson Parish Coroner’s Office and was detained for several hours while being forced to undergo psychiatric examination. The order was signed by Dr. C.B. Odom, the then coroner for the Parish of Jefferson, and shows on its face that it was issued on the request of Roy A. Todd, a deputy sheriff and former father-in-law of the plaintiff, pursuant to the provisions of LSA-R.S. 28:53.2 A.[1]
*363 The plaintiff’s first amended and supplemental petition alleged:
“VI.A
Jefferson Parish Coroner’s Office, is an agency of the Parish of Jefferson and was acting in the course and scope of its duties when it issued without cause the commitment papers herein complained of.
******
IX.A
The Jefferson Parish Coroners Office is negligent in issuing its commitment of Sharon Todd without cause and for promulgating policies which resulted in the incident herein complained of.”
Neither the present coroner, Dr. Robert Treuting, nor the former coroner, Dr. C.B. Odom, is personally made a defendant in this case. Therefore, their personal liability is not an issue before us on this appeal.
The underlying issue on which the validity of the exception turns is whether the Office of Coroner for the Parish of Jefferson has an immunity from the liability asserted under the facts alleged.
First we note that the order complained of was not “a commitment” as stated by the plaintiff, but rather, a protective custody order issued pursuant to the provisions of LSA-R.S. 28:53.2 A, at the request of Roy A. Todd, a deputy sheriff.
As may be noted from that portion of the statute quoted in footnote 1, either the judge or the coroner may receive the request for the order and sign the protective custody order. Thus, the issuance of the order is a quasi-judicial function with the coroner equated to the judge when he performs the function.
Both litigants refer us to the cases hereinafter cited involving immunity for the coroner of Tangipahoa Parish. At the time the Burns v. Genovese, 211 So.2d 336 (1st Cir.1968), reversed at 223 So.2d 160 (La.1969), and the Delatte v. Genovese, 228 So.2d 252 (1st Cir.1969), cases were decided, however, the statutes in effect, i.e., LSA-R.S. 28:52 and LSA-R.S. 33:1555, were not the same as the present statutes. Further, LSA-R.S. 33:1555, in effect at the time, but since repealed, specifically contained the following provisions:
[[Image here]]
“Any detention, confinement or commitments made by the coroner under the above cited circumstances are hereby declared to be administrative acts attached to the functions of his office as required by law for which acts he is specifically granted personal immunity, but not relieved of his official responsibility in his capacity as coroner ...”
[[Image here]]
Thus, the result reached in the Genovese cases are irrelevant to the disposition of this case.
In this state judges have been accorded absolute immunity from liability for their judicial acts. Moore v. Taylor, 541 So.2d 378 (2nd Cir.1989); Cleveland v. State, 380 So.2d 105 (1st Cir.1979). Even non-judicial persons appointed to fulfill quasi-judicial functions intimately related to judicial process have absolute immunity for damages arising from their performance of delegated functions. S.T.J. v. P.M., 556 So.2d 244 (2nd Cir.1990).
Therefore, although the present statute does not contain a similar provision to that contained in LSA-R.S. 33:1555, under the langauge of the present statute, LSA-R.S. 28:53.2 A, we hold that the issuance of a protective custody order is an administrative function of the office of coroner delegated to the office by the legislature. Since the issuance of the order is a quasi-judicial function, the office of coroner is immune from liability while performing the function in the manner and in accordance with the provisions of the statute.
*364 Neither the original petition nor the supplemental petition alleges that the coroner did not abide by the provisions of LSA-R.S. 28:53.2 in issuing the order. In determining whether the plaintiff’s petition states a cause of action, we must look only to the face of the petition and attached documents and must accept as true all well-pleaded facts in the petition and attached documents. Herbert v. City of Kenner, 501 So.2d 901 (5th Cir.1987). The allegations in the first supplemental petition above quoted are conclusions of the pleader rather than factual allegations. Given the allegations and law here, we cannot say the trial judge erred in maintaining the exception. However, unlike the grant of a motion for summary judgment where, as here, an exception of no cause of action is maintained, under the provisions of LSA-C.C.P. Article 934, the exceptor must be given time to amend her petition to allege a cause of action if it is possible for her to do so. See Jefferson Oncology v. La. Health Services, 545 So.2d 1125 (5th Cir.1989).
Accordingly, we amend the trial court’s ruling to give to the plaintiff ten (10) days from the date this opinion becomes final in which to amend her petition, if she can, to allege a cause of action. (See LSA-C.C.P. Article 1001). Costs of the appeal are to be borne by the plaintiff.
AMENDED AND, AS AMENDED AFFIRMED.

. LSA-R.S. 28:53.2 A in pertinent part provides as follows:
A. Any parish coroner or judge of a court of competent jurisdiction may order a person to be taken into protective custody and trans *363 ported to a treatment facility or the office of the coroner for immediate examination when a peace officer or other credible person executes a statement under private signature specifying that, to the best of his knowledge and belief, the person is mentally ill or suffering from substance abuse and is in need of immediate treatment to protect the person or others from physical harm.